[Civil No. 239.   Filed June 20, 1888.]

[S. C. 18 Pac. 597.]

JESUS M. PACHECO, Plaintiff and Appellant, v. ROBERT E. WILSON, Defendant and Appellee.

1. SUIT TO QUIET TITLE—WHO MAY MAINTAIN—ADVERSE POSSESSION UNDER COLOR OF TITLE—HOLDING UNDER WILL—WHEN STATUTE COMMENCES TO RUN.—An action to quiet title may be maintained by one in adverse possession, under claim and color of title, even though his title be equitable and not at law, and a legal title less than a fee. Where plaintiff claims title by possession and shows that he holds as the heir of his mother who claimed under the will of her husband who died in possession in 1873 more than eleven years before, he is entitled to judgment, the statute of limitations commencing to run from the date of the mother's possession under the will. ·

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Wm. H. Barnes, Judge. Reversed.

The facts are stated in the opinion.

Hereford and Lovell, for Appellant.

Under our statute, as it existed prior to the adoption of the revised statutes, and even since, *five years'* adverse possession of land gives title even against a paper title. Statute of Limitations, Chap. XXXV, Sec. 4, Compiled Laws, 1877. Also Chap. XXXV, Sec. 9, 10 and 12.

Our Statutes of Limitations are identical with those of California, and have been fully construed by the courts of that state. "Under our Statutes of Limitations a five years' adverse possession covers all actions, and effectually bars all rights of other claimants as a sixty years' adverse possession under the common law." *Arrington* v. *Liscom,* 34 Cal. 365-385; *Cannon* v. *Stockmon,* 36 Cal. 535-9; *Zeilin* v. *Rogers,* 10 Sawyer, 200, 21 Fed. 103; *Langford* v. *Poppe,* 56 Cal. 73.

The lapse of time limited by such statute not only bars the remedy but extinguishes the right, and vests a perfect title in the adverse holder. *Leffingwell* v. *Warren,* 2 Black, 605.

Congress of the United States, by an act approved Feb. 5, 1875, entitled "An act to grant lands in the Territory of Arizona," and while the personal representatives of Refugio Pacheco were in possession, recognized their claim to the premises. Supplement to the Rev. St. U. S. p. 126. Mere adverse possession without color of title is sufficient, but even if color of title were necessary, the will of Refugio Pacheco constitutes such color. 2 Blackstone, Chap. XXII.

"An action may be brought by any person against another who claims an estate or interest adverse to him for the purpose of determining such adverse claim." Statutes 1881, p. 116.

It is not necessary under our statute that the plaintiff, in an action to quiet title, show a legal title if he show the better right. *Merced Mining Co.* v. *Fremont,* 7 Cal. 319, 68 Am. Dec. 262. Complaint need not aver ownership of plaintiff in fee, under Sec. 738 of Civil Procedure of California. *Stoddart* v. *Burge,* 53 Cal. 395; *Rough* v. *Simmons,* 65 Cal. 227; *Pierce* v. *Fetler,* 53 Cal. 18; *Calderwood* v. *Brooks,* 45 Cal. 519.

Appellant established upon the trial his possession of the

premises, which without any other title, was sufficient to maintain the action. *Sepulveda* v. *Sepulveda,* 39 Cal. 18; *Coleman* v. *San Rafael etc. Co.,* 49 Cal. 521.

An action to quiet title will lie, although the legal title is in the United States, if the plaintiff had the better right. *Wilson* v. *Madison,* 55 Cal. 5; *Orr* v. *Stewart,* 67 Cal. 275; *Brandt* v. *Wheaton,* 52 Cal. 430.

As against a mere trespasser, one in possession of public land will be presumed to be the owner. *Brandt* v. *Wheaton, supra.*

The defendant failed to show either possession or title. "The title was purely a possessory one, and the plaintiff having proved possession of the mining ground, made out all the title required by law to entitle it to the relief demanded." *Niagara Mining Co.* v. *Bunker Hill Min. Co.,* 59 Cal. 613.

Ben Goodrich, for Respondent.

The supreme court of the United States in *Holland* v. *Challen,* 110 U. S. 25, 3 Sup. Ct. Rep. 495, in speaking of the requisites to plaintiff's right of recovery in this class of cases, lays down this broad proposition: "Undoubtedly as a foundation for the relief sought, the plaintiff (appellant) must show that he has a legal title to the premises in question;" and this doctrine is re-examined and re-affirmed by the same court in *Frost* v. *Spitley,* 121 U. S. 557, 7 Sup. Ct. Rep. 1129. Both of these cases involved the construction of a statute similar in substance to the statute under which the present case was tried. Having failed to show a legal title, appellant must, under the authorities above cited, fail in this case. Whatever the rule may be in California the courts here are bound to follow the decisions of the supreme court of the United States. *Belcher* v. *Chambers,* 53 Cal. 642.

WRIGHT, C. J.—This was a complaint by the plaintiff, in which he alleges that he is the owner of, and in possession of, certain lands described, and seeks to quiet his title against a claim of defendant. On the trial he offered no paper title. He showed that, in 1869, one Herran and wife occupied the

premises.  That, in September, Refugio Pacheco went into possession of said premises, and he died in September, 1873, leaving him surviving his widow, Paula, who was made executrix, and five children, Nabor, Manuel, Refugio, Jesus Mateo, and plaintiff.  That he bequeathed all his property to his wife, and this property was described as the ''Field Las Pelas.''  His wife took possession of the premises, and occupied the same until her death, December 12, 1884.  That at her death she was executrix aforesaid, and the estate remained unsettled.  After her death, Mateo and Nabor were appointed administrators of her estate, and with will annexed of the estate of Refugio aforesaid, and through them both estates were in process of administration.  Said Mateo, administrator, leased said premises to one Lee Ding, who paid rent to the administrators, $140 per annum.  The probate court, by decree of partition, set these premises apart to plaintiff as his part of the estate, as heir of his father and his mother; and Sotero Ruelas was appointed his guardian; and said guardian executed a lease of the premises to Lee Ding for a term of years, at an annual rental of $140 per annum, who accounted to said guardian, and continued to occupy under said premises under said lease.

The possession of Lee Ding, as tenant of plaintiff's guardian, which continued until after plaintiff's majority, was the possession of plaintiff, who claimed as heir of his mother, who claimed under the will of her husband.  This is a claim and color of title, and such a possession is an adverse possession, and was sufficient to sustain a complaint to quiet title, and is within the authority of *Frost* v. *Spitley,* 121 U. S. 552, 7 Sup. Ct. Rep. 1129, and the cases there cited.  A person in possession adverse, and under a claim and color of title, may maintain this action, even though his title be equitable and not at law, and a legal title less than a fee.  The court below, therefore, erred in dismissing this bill of complaint.  The plaintiff made out a case which called upon the defendant to show his title.  The title of defendant was a deed from Nabor to defendant, and a deed from Herran in 1882.  The devisee of Refugio had held adversely under color of title from

1873, under his will; hence limitations began to run from that date, and made good the title to those claiming under Refugio. The title of plaintiff in the premises should be quieted, and a decree rendered accordingly. The cause is reversed and remanded.

Barnes and Porter, JJ., concur.