[Sac. No. 689.   Department Two.—May 2, 1900.]

## GEORGE SIMMONS, Appellant, v. DANIEL McCARTHY, Respondent.

QUIETING TITLE—EVIDENCE—VOID TAX TITLE—ADVERSE POSSESSION—PRESCRIPTIVE TITLE — HARMLESS ERROR.—In an action to quiet a title based upon prescription, a void tax deed, though not admissible to prove title, is admissible in connection with proof of adverse possession thereunder, to bring the plaintiff within the provisions of section 323 of the Code of Civil Procedure; but the exclusion of such evidence is harmless error, where the plaintiff failed to establish his prescriptive title.

ID.—UNCHALLENGED FINDING AGAINST PRESCRIPTIVE TITLE.—A finding that plaintiff has not for any period of five years, under claim of right or title, or otherwise, been in the actual, or open, or notorious or exclusive possession or occupancy of the lands in controversy, unchallenged by any specification of the insufficiency of the evidence to justify it, taken in connection with evidence showing that the defendant was in possession under claim of right at the time when plaintiff entered, is conclusive against a prescriptive right claimed by the plaintiff.

ID.—LOCATION OF MINING CLAIM—BOUNDARIES—CROSS-EXAMINATION OF WITNESS.—Where a witness for plaintiff had stated in chief the

boundaries of a mining claim located by him for the plaintiff, and that the notice of location posted by him gave the same boundaries, and had testified on cross-examination that he did not know whether the recorded notice read to him was the notice he put up, he may be further asked to state from memory whether the notice he put up contained a statement that the notice was made for the purpose of re-establishing the boundaries of the claim which the undersigned claimed to own.

ID.—POSSESSION OF DEFENDANT AS CO-OWNER—LEASE.—When the evidence showed that the defendant purchased an interest in the mine, and was in possession as a co-owner, until the execution of a lease of the mine for three years, extending beyond the time of plaintiff's entry, such lease is admissible in evidence as tending to show that defendant claimed an interest in the mine and was in possession by his lessee at a time when plaintiff was claiming exclusive and adverse possession.

ID.—CONTENTS OF LOST CONVEYANCE—HARMLESS RULING.—Where the defendant testified that he received a conveyance of an interest in the mine from one of the original owners, and, when asked to state its contents after proof of loss, his answer showed that he was unable to do so, the admission of the answer against plaintiff's objection was not injurious to the plaintiff.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial.   J. S. Beard, Judge.

The facts are stated in the opinion.

James F. Farraher, and James D. Fairchild, for Appellant.

James F. Lodge, and R. S. Taylor, for Respondent.

CHIPMAN, C.—Action to quiet title.   Defendant had judgment, from which and from the order denying plaintiff's motion for a new trial this appeal is prosecuted.

Plaintiff claims that on May 12, 1890, he entered into possession of the mining claim known as the Empire Bar Mine, in Siskiyou county, under a deed conveying the property to him, and that he "continuously continued in the occupation and possession of said property for upward of five years immediately preceding the commencement of the action, and he has continued in said occupation and possession up to the present time"; he claims also by virtue of open, notorious exclusive, and adverse and continuous possession and occupancy, but not founded

on any written instrument; he also claims to be "the owner, subject alone to the paramount title of the United States, and in the possession and entitled to the possession of" the property in question. Defendant claims by right of prior possession and by a mining location.

The court found as facts that the mine was regularly taken up and located by certain persons, in 1882, as vacant public mineral land; that in that year defendant purchased an undivided interest in the land and immediately went into joint possession with his co-owners and worked the land with them, as a placer mine, "peaceably, openly, notoriously, exclusively, and under a claim of right and title, for each and every year after said year 1882 up to and including the year 1888," expending each year thereon over one hundred dollars; that the said owners in the year 1888 leased the land to one Gott, who worked the claim during the years 1889, 1890, and 1891; that no labor was performed on the mine for the year 1892; that on March 1, 1893, "and before any location or attempted location of said mining claim had been made by any person, defendant entered upon said land for the purpose of resuming work thereon, and did resume work thereon, and continued diligently working upon said mine until the assessment work for the year 1893 was completed, and defendant has each year thereafter and up to the commencement of this action expended more than one hundred dollars in mining, labor and improvements on said lands"; that about March 15, 1893, "plaintiff entered upon said lands and marked out the boundaries of the same and posted a notice thereon, and caused a copy of said notice to be recorded"; that during the year 1894 he filed a notice of suspension of labor as required by law, and since the year 1894 he has, up to the commencement of the action, expended more than one hundred dollars each year in mining, work, and labor on said land, but that at the time he entered on said claim and marked the boundaries thereof, to wit, March 15, 1893, said lands were not unoccupied public mineral lands; and that plaintiff has not since March 12, 1890, "been in the continuous occupation or possession of said land, and was not in such possession or occupation for any continuous period of five years," and has not "for any period of five years under claim of right

or title, or otherwise, been in the actual, or open, or notorious, or exclusive possession or occupation of said lands."

As conclusions of law the court found that plaintiff is not the owner or entitled to the possession of the land, and that defendant is entitled to judgment against plaintiff for his costs of suit. Judgment was accordingly entered.

1. Appellant claims error in excluding his offer to introduce a tax deed to the land made to him in 1889. This is the same deed held to be void on the first appeal. (*Simmons v. McCarthy,* 118 Cal. 622.) His contention now is that it was admissible to show that he entered under a written instrument, in support of his prescriptive title. (Citing *Millett v. Lagomarsino,* 107 Cal. 102.) While no part of the proof of adverse title, the deed was admissible to bring plaintiff within the provisions of section 323 of the Code of Civil Procedure. In the former appeal the deed was offered to prove title. But excluding the deed was not prejudicial error unless plaintiff established his prescriptive right. The court in finding VIII found "that plaintiff has not, for any period of five years, under claim of right or title, or otherwise, been in the actual, or open, or notorious or exclusive possession or occupancy of said lands." This finding is not challenged by any specification of insufficiency of the evidence, and must be treated as justified by the evidence. There was also a finding (VI) that when plaintiff entered, to wit, March 15, 1893, the land was not unoccupied public mineral lands of the United States. This finding is supported by the evidence, which was that the defendant was in possession under claim of right at the time plaintiff entered.

2. On cross-examination of plaintiff's witness defendant's counsel read from a record of mining claims of Siskiyou county, and asked the witness if it was the notice he put up for plaintiff. The witness answered that he did not know. The court stated the rule to be that before the witness could be examined as to the contents of a written instrument it should first be shown him, and if it was counsel's purpose to offer the record he must submit it to the witness. Counsel then said he would question the witness from memory and close the book. He then put the question: "Did that notice contain a statement that the notice was made for the purpose of re-establishing the

boundaries of the claim which the undersigned claimed to own?" It was objected to as not cross-examination and as incompetent and irrelevant. The court overruled the objection. The witness had stated in his examination in chief the boundaries of the claim, and that the notice posted by him gave these same boundaries. The question of counsel related to the notice about which the witness had testified and not to the recorded notice, and was legitimate cross-examination. The answers of the witness showed that he could not give the boundaries as described in the notice he had put up, and clearly demonstrated the propriety as well as the efficacy of the cross-examination.

3. Plaintiff, in one of the counts of his complaint, claimed adverse possession from May, 1890, and that he entered under his tax deed of May 12, 1890, and some evidence was offered by him in support of this claim. Defendant offered in evidence a lease to Gott, signed by the prior locators and by defendant, made in 1888, while they were in possession, for a term of three years. Plaintiff objected on the ground that defendant had not connected himself with the title at that time. But the evidence showed that he purchased an interest in the mine as early as 1882, and continued in possession with his co-owners until they leased the mine to Gott. The lease was competent evidence as tending to show that defendant claimed an interest in the mine and was in possession by his lessee at the time plaintiff was claiming to have exclusive and adverse possession.

4. Defendant testified that he received a written instrument from one of the original locators conveying his interest in the mine to defendant. After stating he had lost the paper and had made search for it among his papers and elsewhere, and that search had been made by his attorneys among their papers, and had been unable to find it, he was asked the question: "What were the contents of that instrument?" The question was objected to on the ground that his answers already given showed he did not read it and therefore was not competent to testify to its contents. He answered: "I can't say that I ever read this instrument. I may have, but I have forgotten it. It was made in the fall of '82, and I went to work on the claim in '83." The answer was not injurious to plaintiff if it be conceded that the objection was well taken.

5. Plaintiff devotes the remaining portions of his brief to questions relating to the law of adverse possession.

It seems to us that the finding VIII above quoted, which is not challenged, not to speak of finding VI, which is supported by the evidence, forecloses the discussion and leaves a finding, the correctness of which is admitted, adverse to the right upon which plaintiff's complaint is grounded. In fact, this finding leaves plaintiff nothing to contest but the errors of law in admitting or excluding testimony; and, as we find in them no prejudicial error, the judgment and order must be affirmed, and we so advise.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.