[Civil No. 1009. Filed March 20, 1909.]

[100 Pac. 813.]

JAMES H. WORK, Plaintiff and Appellant, v. THE UNITED GLOBE MINES, a Corporation, Defendant and Appellee.

1. QUIETING TITLE—TITLE TO SUPPORT ACTION—ADVERSE POSSESSION.— Under Civil Code of 1901, paragraph 2942, providing that, when an action for the recovery of real estate is barred, the person entitled to the bar shall be held to have the full title, precluding all claims, adverse possession of lands for the statutory period confers title sufficient to maintain a suit to quiet title.

2. ADVERSE POSSESSION — WHO MAY HOLD BY PRESCRIPTION—FOREIGN CORPORATIONS.—Under Civil Code of 1901, paragraph 913, providing that a foreign corporation, on complying with the law relating to the right of foreign corporations to do business in the territory, may purchase and hold all kind of property, real and personal, etc., a foreign corporation, on complying with the law, may acquire title to real estate by adverse possession for the statutory period.

3. LIMITATION OF ACTIONS—NONRESIDENCE—EFFECT.—Civil Code of 1910, paragraph 2964, providing that where any person against whom there shall be a cause of action shall be without the limits of the territory at the time of the accrual of the action, or at any time during which the same might have been maintained, the person entitled to the action may bring the same against such person after his return to the territory, and the time of his absence shall not be taken as a part of the time limited, does not operate to prevent limitations from running against a nonresident's cause of action.

4. Adverse Possession—Color of Title—Pleading.—Under Civil Code of 1901, paragraph 2937, providing that every suit to recover real property against one having adverse possession and claiming under a recorded deed shall be instituted within five years after the accrual of the cause of action, a cross-complaint, in an action to quiet title, which sets up title by adverse possession, need not specifically aver that the deed under which the claim is made is not a forged instrument, and an allegation that cross-complainant held under a recorded deed from certain grantors named, conveying the premises, is equivalent to an averment that the deed has been executed by the grantors named and is sufficient.

5. Limitation of Actions—Statute—Construction — Prospective Effect.—Unless the contrary intent is expressed, a new statute of limitation will be given a wholly prospective effect.

6. Same—Same—Same.—Civil Code of 1901, paragraph 2938, barring actions for the recovery of land in the adverse possession of another ,after ten years after the accrual of the cause of action, adopted for the first time by the Revision of 1901, operates retrospectively as well as prospectively.

7. Adverse Possession—"Color of Title."—A deed not void on its face, but referring as a part of its description to another deed which is void on its face, is "color of title," within Civil Code of 1901, paragraph 2937, barring actions for the recovery of real estate in the adverse possession of another claiming under a recorded deed after five years after the accrual of the cause of action.

8. Trial — Findings — Decision of Court.—Where the facts are all agreed to, there is no necessity for findings by the court, and, where the conclusions of law arising from the facts under the issue made by the pleadings is readily ascertainable from the judgment, the judgment is a sufficient decision under Civil Code of 1901, paragraph 1406.

ERROR from a judgment of the District Court of the Fifth Judicial District, in and for the county of Gila. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

Francis M. Hartman, Frank Cox, and Alfred Franklin, for Plaintiff in Error.

In order to entitle the defendant to the benefits of paragraphs 2937 and 2938, it was necessary for it to especially plead this statute, as it applies to a particular class of cases. 13 Ency. of Pl. & Pr., p. 222. The plaintiff being absent from the Territory of Arizona, the statute of limitations of

this Territory did not run against him, and his cause of action was not barred. *Huff* v. *Crawford,* 88 Tex. 368, 53 Am. St. Rep. 763, 30 S. W. 546, 31 S. W. 614, 32 S. W. 592. "Upon appeal from a judgment in an action tried by the court without a jury, where the transcript contains no findings of fact, and such findings do not appear to have been waived in the court below, the judgment must be reversed." *Bates* v. *Bower,* 17 Mo. 550; *Derrick* v. *Jewett,* 21 Mo. 444; *Dillon Implement Co.* v. *Cleaveland,* 32 Utah, 1, 88 Pac. 670. "A foreign corporation is a person out of the state within the meaning of the statute, and cannot avail itself of the statute of limitations." *Larson* v. *Aultman & Co.,* 86 Wis. 281, 39 Am. St. Rep. 893, 56 N. W. 915; *Williams* v. *Metropolitan Co.,* 68 Kan. 17, 104 Am. St. Rep. 377, 74 Pac. 600, 64 L. R. A. 794, 1 Ann. Cas. 6; *State* v. *Nat. Acc. Soc. of New York,* 103 Wis. 208, 79 N. W. 223; *Robinson* v. *Imperial Silver Min. Co.,* 5 Nev. 43, 10 Morr. Min. Rep. 370; *State* v. *Central Pac. R. R. Co.,* 10 Nev. 47; *Barstow* v. *Union Con. Silver Min. Co.,* 10 Nev. 386; *Olcott* v. *Tioga R. R. Co.,* 20 N. Y. 210, 75 Am. Dec. 393.

Herring, Sorin & Ellinwood, for Defendant in Error.

While plaintiff has an opportunity to procure service of process on a foreign corporation, it cannot be said that the corporation is beyond the limits of the state, and it may avail itself of the statute of limitations and acquire title by adverse possession. *Sidway* v. *Missouri Ld. & Livestock Co.,* 187 Mo. 649, 86 S. W. 156; *Thompson* v. *Texas L. & C. Co.* (Tex. Civ. App.), 24 S. W. 856; *Southern Ry. Co.* v. *Mayes,* 113 Fed. 84, 51 C. C. A. 70; *Mehrenberg* v. *New York N. H. & H. R. Co.,* 124 App. Div. 205, 108 N. Y. Supp. 704; *U. S. Express Co.* v. *Ware,* 20 Wall. 543, 22 L. Ed. 422; *McCabe* v. *Illinois Cent. Ry. Co.,* 13 Fed. 827, 4 McCrary, 492; *Turcott* v. *Yazoo & M. V. R. Co.,* 101 Tenn. 102, 45 S. W. 1067, 40 L. R. A. 768; *O'Connor* v. *Aetna Life Ins. Co.,* 67 Neb. 122, 93 N. W. 137, 99 N. W. 845. "The defendant is actually in this state, engaged in business, and for such purposes must be regarded as a resident of this state, for the simple reason that process can be served on it, and it can be made amenable in the courts of this state." *Wall* v. *Chicago & N. W. R. Co.,* 69 Iowa, 498, 29 N. W. 427.

It is no objection that a new statute of limitation affects rights of action accrued at the time of its passage, providing a reasonable time is given for the commencement of an action before the bar takes effect. *Bigelow* v. *Bemis,* 2 Allen (Mass.), 496; *Smith* v. *Morrison,* 22 Pick. 432; *Koshkonong* v. *Burton,* 104 U. S. 668, 26 L. Ed. 886, and cases cited. According to the weight of authority, the period between the passage of the act and its going into effect may be considered in determining the question of reasonable time. Lewis' Sutherland on Statutory Construction, sec. 707, and notes.

By submitting the case to the court upon the agreed statement of facts, the parties are held to waive all defects of pleading, and the cause will be determined strictly upon the merits. *Hess* v. *Bollinger,* 48 Cal. 349; *Miner* v. *Coburn,* 4 Allen (Mass.), 136; *Reynolds* v. *Reynolds,* 30 Kan. 95, 1 Pac. 388; 1 Ency. of Pl. & Pr. 391, and cases cited.

SLOAN, J.—The questions raised by counsel for plaintiff in error on the record are such as do not require any general statement of facts, and can be conveniently disposed of by stating them in the form of interrogatories embracing the essential facts of the record upon which they are based.

1. In a suit to quiet title to patented mining claims brought under chapter 1, title 71, Civil Code of 1901, is a cross-complaint, setting up title by adverse possession for the statutory period and praying for the quieting of such title as against plaintiff, a proper pleading under our statutes?

It is contended by counsel for plaintiff in error that adverse possession for the statutory period does not confer title so as to permit one to maintain an action to quiet title based upon such adverse possession. The argument is that under paragraph 2942, Civil Code of 1901, title by adverse possession is only available in suits which have for their direct and immediate object the recovery of the possession of real property, and that, an action to quiet title under our statutes not being one brought directly and immediately for the recovery of the possession of real property, title by adverse possession may be neither pleaded as a defense to such action, nor can it form a basis for affirmative relief by way of cross-complaint. Said paragraph reads as follows: "Whenever in any case the action of a person for the recovery of real property is

barred by any of the provisions of this title the person who pleads and is entitled to the bar shall be held to have full title precluding all claims.'' The construction of this statute in its effect upon actions to quiet title is not now in this territory an open question. The above paragraph, together with the body of our statutes of limitations, was adopted from the statutes of the state of Texas. The supreme court of that state, in *Moody* v. *Holcomb,* 26 Tex. 714, held that adverse possession of lands for the statutory period confers title thereto which may be quieted in an action brought for that purpose by the party asserting such title. This decision was rendered prior to the adoption of the statute by this territory and after its enactment by the legislature of the state of Texas. This court, in the case of *Pacheco* v. *Wilson,* 2 Ariz. 411, 18 Pac. 597, has held that title by adverse possession is sufficient title to maintain a complaint to quiet title. This decision was rendered in June, 1888, nearly a year after the statutes of 1887, including the paragraph in question, took effect. The supreme court of the United States, in a number of decisions, beginning with *Jackson ex dem. Bradstreet* v. *Huntington,* 5 Pet. 402, 8 L. Ed. 170, has held that adverse possession for the statutory period confers title which may be asserted either in law or in equity and in any form of action. *Sharon* v. *Tucker,* 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532; *Campbell* v. *Holt,* 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483.

2. May a foreign corporation, which has complied with all the requirements of our statutes governing such corporations doing business in the Territory, and which has its principal place of business within the Territory, acquire title to realty by adverse possession for the statutory period?

There is some conflict of authority upon this point. The supreme courts of the states of New York and Nevada have held, under statutes somewhat akin to ours, though not so full and explicit in granting privileges of citizenship to such corporations, that it may not. Missouri, Nebraska, Iowa, and Minnesota hold to the contrary under similar statutes and for reasons which seem especially applicable to foreign corporations doing business within the territory under the permission granted by the statute. These reasons are that the purpose of statutes of limitations, in allowing specified times for com-

mencing actions and in making exceptions to the running of
such times, is a practical one, and that is to give to any
plaintiff a reasonable opportunity to seek his remedy; and
that a mere theoretical absence from the state, as in the case
of a foreign corporation having a duly appointed agent upon
whom service may be had within the jurisdiction, not pre-
venting the bringing of suit and the obtaining of service
against the absentee, does not prevent in any way the bring-
ing of the action, and should not therefore come within the
exception common to statute of limitations that, where the
defendant be out of the state when the cause of action accrues,
the limitation does not begin to run until his return, or if,
after the cause of action accrues, he departs from and resides
out of the state, the time of his absence is not to be included
within the time limited for the commencement of the action.
*St. Paul* v. *Chicago etc. R. Co.,* 45 Minn. 387, 48 N. W. 17;
*Sidway* v. *Missouri L. L. Stock Co.,* 187 Mo. 649, 86 S. W.
156; *O'Connor* v. *Aetna Life Insurance Co.,* 67 Neb. 122, 93
N. W. 137, 99 N. W. 845; *Wall* v. *Chicago & N. W. Ry. Co.,*
69 Iowa, 498, 29 N. W. 427. The existing statute upon the
rights of foreign corporations who may have complied with
the law relating thereto is so comprehensive as to leave no
doubt as to the legislative intent to give such corporations all
the rights of property possessed by domestic corporations, ex-
cept where specifically limited in the amount of land which
they may hold. Paragraph 913, Civil Code of 1901, reads:
"Upon complying with the provisions of this chapter any
association, company or corporation organized or incorporated
under the laws of any other state or territory, or any foreign
country, shall be qualified and competent to take, receive and
acquire, either by purchase or by operation of law, and pos-
sess, own, hold and dispose of any and all kinds of real or
personal property within this Territory, and to prosecute and
defend, and to appear, especially and generally, in any action
in any court of or within this Territory, and shall have, hold
and enjoy, except as hereinafter provided, the same rights
and privileges as are now held and enjoyed, or that may be
hereafter held and enjoyed by any association, company or
corporation organized or incorporated under the laws of the
Territory." Under this statute we have no hesitation in hold-
ing that a foreign corporation, complying with the require-

ments of the statutes governing such corporations doing business within this Territory, may acquire title to realty by adverse possession for the statutory period.

3. Do our statutes of limitations run against a nonresident?

The plaintiff, Work, is, and has been during the time covered by the defendant's possession of the mining claims in controversy, a resident of the state of New York. It is contended by his counsel that the statutes of limitations pleaded by the defendant in error in its cross-complaint did not run against him. This contention obviously is made under a misapprehension of our statutes. It is nowhere provided that the absence from the Territory of any person of sound mind, over the age of twenty-one years, and not imprisoned, prevents any statute of limitations from running against him while so absent. On the contrary, by paragraph 2964, absence from the Territory is made to toll the statute only as to any cause of action which any person is entitled to bring against him. In other words, mere absence, under the statute, does not operate to the advantage of the absentee, but to his disadvantage, and not to the disadvantage of persons who may have causes of action enforceable against him. We therefore answer this interrogatory in the affirmative.

4. Is it essential to good pleading in a cross-complaint setting up title by adverse possession, under paragraph 2937, Civil Code of 1901, that a specific averment be made that the deed, under which the claim be made, was not a forged instrument?

We answer this interrogatory in the negative, assuming, as was the case in the cross-complaint filed by defendant in error in this case, that it be alleged that the cross-complainant held under a recorded deed from certain grantors named "conveying said premises," etc. Such an allegation is equivalent to an averment that the deed has been executed by the grantors named, else it could not possibly have conveyed the premises named.

5. Does the ten year statute of limitations found in paragraph 2938, Civil Code of 1901, apply to the case of the defendant in error who sets up such statute in his cross-complaint to show title by adverse possession under it, the statute having been adopted for the first time in the Territory by the Revision of 1901? In other words, is the ten year

statute to be allowed to have a retrospective operation, or is it to be construed as having a prospective effect merely?

In the case of *Curtis* v. *Boquillas Land & Cattle Co.,* 9 Ariz. 62, 76 Pac. 612, we had occasion to consider this question, and we there stated, as the general rule applicable to new statutes of limitations, that they will not be held to be retroactive in effect unless it clearly appears that the legislature so intended. In the case of *Crowell* v. *Davenport,* 11 Ariz. 323, 94 Pac. 1114, we expressed our approval of what was said in *Curtis* v. *Boquillas Land & Cattle Co.* on this subject, and reaffirmed our adherence to the rule of construction that, unless the contrary intent be expressed, a new statute of limitation will be given a wholly prospective effect. In the case of *Cummings* v. *Rosenberg et al., ante,* p. 327, 100 Pac. 810, we have held that the legislative intent to give a retrospective effect to the statute appears not only from the language of the statute, but also from a consideration of the fact that its operation was postponed from the date of its passage to September 1, 1901, a period exceeding five months, which postponement, if the statute was intended to have a prospective effect merely, would seem to have been without reason or purpose. Following our decision in the Cummings case, we hold that the ten year statute is to be given a retrospective operation.

6. If a deed relied upon under the five years' statute refers to a recorded tax deed for a fuller description of the property conveyed, and as having been conveyed by the board of supervisors of the county to the grantors named in the deed, and an inspection of such recorded deed so referred to shows the latter to be void upon its face, does such reference to the invalid deed prevent the acquisition of title by adverse possession under said paragraph 2937?

It is a controverted question whether, under statutes similar to the one in question, a deed which is void on its face will give such color of title as will set the statute in motion. The weight of authority is perhaps in favor of the contention that it does not, and this is the rule as laid down by the supreme court of Texas. *Schleicher* v. *Gatlin,* 85 Tex. 270, 20 S. W. 120; *Green* v. *Hugo,* 81 Tex. 452, 26 Am. St. Rep. 824, 17 S. W. 79. But it has likewise been held by the supreme court of Texas, in *Fry* v. *Baker,* 59 Tex. 404, that a deed void for

matters dehors the instrument itself will constitute color of title under the statute, provided it purports to convey the land in controversy; and this is the general rule. *Wright* v. *Mattison,* 18 How. 50, 15 L. Ed. 280. As the deed relied upon by the defendant in error was not void upon its face, although it referred, as a part of its description, to another deed which was void upon its face, it was nevertheless, under all the decisions which have come under our observation, sufficient upon which to base title by adverse possession under the five years' statute.

7. Where a case was submitted, prior to the amendment of our statute relating to findings of fact, upon an agreed statement of facts, were findings of fact by the court required and necessary to sustain a judgment where no request for findings appears to have been made?

Obviously, where the facts were all agreed to, there was no necessity for findings by the court, and where the conclusion of law, arising from the facts under the issue made by the pleadings, is readily ascertainable from the judgment, the latter itself is a sufficient decision under paragraph 1406, Civil Code of 1901. Where, as in this case, but one conclusion of law may properly be made from the facts found, the judgment itself is a sufficient decision, and no separate statement of such conclusion of law could add anything in the way of definiteness and certainty to the record.

We find no error in the record, and the judgment of the court below is affirmed.

KENT, C. J., and DOAN and CAMPBELL, JJ., concur.