## WORK *v.* UNITED GLOBE MINES.

### APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 46.   Argued November 6, 1913.—Decided January 5, 1914.

The settled rule of this court is to accept the construction placed by the territorial court upon a local statute, and not to disregard the same unless constrained so to do by clearest conviction of serious error. *Phœnix Railway Co.* v. *Landis, ante,* p. 578.

Where, as in this case, it does not appear that manifest error was committed in the construction and application of the statute of limitation or in determining the sufficiency of a deed to the premises, the title to which was involved, this court will not reverse the judgment of the territorial court.

In refusing to reverse because no manifest error appears, this court does not intimate any doubt as to the correctness of the ruling, but simply abstains from deciding a purely local question in the absence of conditions rendering it necessary to do so.

12 Arizona, 339, affirmed.

THE facts, which involve the validity of a judgment of the Supreme Court of the Territory of Arizona establishing title to property in that Territory, are stated in the opinion.

*Mr. A. L. Pincoffs* for appellant:

Defendant, being a foreign corporation, cannot set up the statute of limitations. *Larsen* v. *Aultmann,* 86 Wisconsin, 281; *Williams* v. *Metropolitan Co.,* 68 Kansas, 17; *State* v. *Nat. Assn.,* 79 N. W. Rep. 223; *Robinson* v. *Imperial Mining Co.,* 5 Nevada, 43; *State* v. *Cent. Pac. R. R. Co.,* 10 Nevada, 47; *Barstow* v. *Union Mining Co.,* 10 Nevada, 386; *Olcott* v. *Tioga R. R. Co.,* 20 N. Y. 210; *Clark* v. *Bank,* 10 Arkansas, 516; 52 Am. Dec. 248, with long monographic note at page 256.

The deed from its grantors is insufficient to enable the defendant to set up the five years' statute of limitations (§ 2937, Rev. Stat., Arizona, 1901), because it gives notice to the defendant that its grantor had no title to the premises and because it did not purport to convey the fee.

It is admitted that at the time the assessment was made, plaintiff in error was and had been for twenty-five years a *bona fide* resident of New York.

This mortgage was not taxable in Arizona because it was owned by a non-resident.

Mortgages are only taxable in State of the owner's residence. *Jack* v. *Walker*, 79 Fed. Rep. 142; *Holland* v. *Commissioners*, 39 Pac. Rep. 576; *Cleveland Co.* v. *Pennsylvania*, 15 Wall. 300.

A deed founded on a sale for taxes which on its face is absolutely void does not support adverse possession under a statute of limitations. *Redfield* v. *Parks*, 132 U. S. 239.

Under the laws of Arizona a mortgage of real property conveyed no title whatever to the mortgagee; he has merely a lien upon the property. A deed attempting to convey this alleged interest conveyed nothing.

While a deed, valid on its face, is sufficient for the purpose of the statute, even if it could be impeached by evidence *aliunde, Elder* v. *Wood*, 208 U. S. 226, it does not follow that the result is the same when the grantee has actual knowledge or notice that his grantor has absolutely no title to the premises he attempts to convey. See also *Bradshaw* v. *Ashley*, 180 U. S. 59 · *Saxton* v. *Hunt*, 20 N. J. L. 487, 493.

In order successfully to invoke the statute, the defendant must claim under the deed, and no one can claim under a deed a greater interest or title than the deed conveys.

The ten years' statute of limitations (§ 2938, Rev. Stat.,

1901) does not apply; because its operation is restricted to the recovery of lands held without deed, and also because no such limitation was in existence when plaintiff's cause of action accrued and the statute must be given a prospective operation. *Redfield* v. *Parks*, 132 U. S. 239.

If the statute is intended to have a retrospective effect, it would be unconstitutional. *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Price* v. *Hopkins*, 13 Michigan, 318.

*Mrs. Sarah H. Sorin* for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

We confine our statement to so much of the case as is necessary to develop the matters for decision.

Work, the appellant, who was plaintiff in the trial court, sued the United Globe Mines, the appellee, to quiet his title to certain described mining property, averring that he had the fee simple title to the same and although defendant asserted some adverse right, it had no title or interest in the property. The defendant, averring itself to be a New York corporation having its principal place of business in Globe, Gila County, Arizona, in its answer besides traversing the averments of the complaint, alleged that it was entitled to the possession of the property sued for, and was the owner, because for more than five years before the commencement of the suit it had been "in the actual, continuous, uninterrupted, peaceable, exclusive, open, notorious, hostile and adverse possession of said premises, and has been cultivating, using, enjoying and working the same, paying taxes thereon, and holding and claiming the same and the title thereto adversely to plaintiff and all the world, under a deed from William E. Dodge and D. Willis James conveying said premises to

this defendant, which deed is dated January 31st, A. D., 1893, and which said deed was duly recorded on the seventeenth day of February, A. D., 1893, in the office of the County Recorder of Gila County, said Territory, in book 3 Deeds of Mines, at page 299;

"And defendant alleges that the cause of action, if any, stated in the complaint herein, did not accrue within five years next before the commencement of this action."

In addition, as a second ground, the ownership of the property was asserted to have been acquired by a period of ten years' limitation, the benefit of which was expressly pleaded. The prayer of the answer was not only that the claim of the plaintiff be rejected, but that there be affirmative relief adjudging the title of the property to be in the mining company.

The case was submitted to the trial court upon an agreed statement of facts and was decided in favor of the defendant and a judgment of affirmance followed in the Supreme Court of the State to which the case was taken, that judgment being the one to which this writ of error is directed. The court, for the purpose of its consideration of the case, adopted the statement of facts acted upon by the trial court.

Three principal questions were decided: a, That the United Globe Mines, although a foreign corporation, was entitled to avail itself of the statute of limitations; b, that the deed which the United Globe Mines asserted as the basis of its claim to a right of ownership resulting from the five years' limitation under § 2937 of the Revised Statutes of Arizona for 1901, was adequate and hence the United Globe Mines was the owner of the property by limitation; and c, besides that, the facts proven as the basis of the ten year limitation under § 2938 of the Revised Statutes of Arizona for 1901 were adequate to bring the United Globe Mines within the embrace of the statute and therefore to additionally sustain its claim of owner-

ship on such ground. For the purposes of this appeal a number of grounds of error were asserted, but we content ourselves with the mere statement that we think they are without merit because in the argument at bar for the appellant only the rulings of the court below concerning the three propositions to which we have referred are discussed and insisted upon as a basis for reversal. We come then briefly to consider those propositions.

At the outset it is to be observed that the questions are inherently and in the strictest sense local in character, depending as they do upon the right to have the benefit in the Territory of the statutes of limitation concerning real estate and the application of such statutes to the case as made by the defendant, the United Globe Mines. But as to questions of such character the settled rule is that this court "accepts the construction which the territorial court has placed upon a local statute"; in other words, will not disregard or reverse the same unless constrained to do so by the clearest conviction of serious error. (*Phœnix Railway Co. v. Landis, ante,* p. 578, where a full list of the applicable cases is collected, decided December 23 last.) With our duty thus defined the case is readily disposed of. As to the first question, the court below expressly found that during the whole of the statutory time the United Globe Mines, although a non-resident in the sense that it was a corporation of foreign organization, had complied with the laws of Arizona, was in possession of the property, paying taxes thereon and conducting business by means of its use, and was subject there to be sued, having under the law of the Territory, an agency for that purpose. It is manifest under these conditions, if there be any ground for a different conclusion, which we do not intimate, there is no possible room for holding that such serious error was committed as to constrain us to reverse. As to the second proposition,—the five years' statute— the only contention is that the court erred in holding that

a reference in the deed which was relied upon as to the origin of title did not operate to render the deed relied on, insufficient for the purposes of the statute, although it was in every other respect adequate. That is to say, the contention is that the sufficiency of the deed should have been tested not by its own adequacy but by the insufficiency of another deed, not involved in the case simply because such other deed by way of mere recital was referred to in the deed which was relied on and upon which deed the application of the bar of the statute solely depended. We do not test the accuracy of the reasoning upon which the contention must rest, nor comprehensively review the authorities—since in our opinion it cannot be said, either from the point of view of reason, or from a consideration of the decided cases [1] that there is ground for holding that there was such manifest error committed as to justify reversal. In saying this we intimate no doubt as to the correctness of the ruling below made—our sole purpose is to abstain from deciding a purely local question in the absence of those conditions which render it necessary for us to do so—that is the existence of plain error of so serious a nature as to require correction at our hands.

*Affirmed.*

---

[1] *Bradstreet* v. *Huntington*, 5 Pet. 402, 447; *Clarke* v. *Courtney*, 5 Pet. 319, 354; *Pillow* v. *Roberts*, 13 How. 472; *Wright* v. *Mattison*, 18 How. 50; *Cameron* v. *United States*, 148 U. S. 301.