### HALSEY v. HO AH KEAU.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1924.)

No. 4013.

1. **Courts ⬤⟫406(1)—Validity of marriage determined by local law.**
In determining the validity of a marriage in Hawaii, the local law as construed by the highest court of the territory is entitled to the greatest weight.

2. **Courts ⬤⟫406(1)—Construction of Hawaiian Statutes by its highest court followed, unless clearly erroneous.**
The construction of local statutes of Hawaii by the highest court in the territory will be followed by the appellate court in the United States, unless clearly erroneous.

3. **Marriage ⬤⟫25(1)—License essential to valid marriage in Hawaii.**
Under the statutes of Hawaii as construed by the Supreme Court of the territory, there can be no valid marriage without a license therefor first procured.

Appeal from the District Court of the United States for the District and Territory of Hawaii; J. B. Poindexter, Judge.

Petition of Ho Ah Keau, otherwise known as Ho Shee, against Richard Halsey, Inspector in Charge of Immigration at Port of Honolulu, for writ of habeas corpus. From an order granting the writ, respondent appeals. Affirmed.

William T. Carden, U. S. Atty., of Honolulu, Hawaii, and John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Harry Irwin, of Hilo, Hawaii, and S. H. Derby, of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from an order of the District Court, District of Hawaii, granting a writ of habeas corpus in favor of Ho Ah Keau, otherwise known as Ho Shee. The lower court sustained a demurrer to the return and amended return to the writ, and Halsey, as inspector in charge of immigration at Honolulu, appealed.

The appellee, referred to as Ho Shee, arrived at Honolulu on December 7, 1921, seeking entry into the United States as the wife of Lau Ah Leong, a native of China and living at Honolulu, who became an American citizen by virtue of the fact that he was a citizen of the territory of Hawaii prior to its annexation to the United States. In due course there was a hearing before a board of special inquiry, whereat it appeared that Ho Shee, also called Ah Keau, first came to Honolulu in 1891, and a few days after her arrival, May 25, 1891, was married to Lau Ah Leong, the marriage certificate being regular in all respects as required by the laws of Hawaii, and of record in the office of the board of health at Honolulu. In 1883 a Chinese woman called Hung Shee arrived at Honolulu, and after her arrival lived with Ah Leong as his wife. Hung Shee asserts that she was married to Ah Leong. No record of a license for marriage between her and Ah Leong was shown, nor did the evidence disclose that any marriage ceremony was performed. There was testimony by Hung Shee that there was a "Chinese marriage" with a Chinese certificate, and that there were guests present at the wedding. The two women, Hung Shee and Ho Shee, had children by Ah Leong. Several children by Ah Leong with Hung Shee were born before the marriage of Ah Leong to Ho Shee.

There was evidence that Ah Leong at different times claimed each of the women as his wife. At a hearing in 1910 he said Hung Shee was then his wife; in 1921 he said Ho Shee was then his wife. About January 13, 1910, Ho Shee went to China on the ship Corea, taking with her several of her children, including Lai Chang, then an infant. After an absence of about 11 years Ho Shee, with one of her children, returned to Honolulu. The child was admitted as one born in Hawaii, the son of Ah Leong and Ho Shee. It was in evidence before the board that in 1907 Ah Leong pleaded guilty to the crime of unlawful cohabitation with the two women, Ho Shee and Hung Shee. He paid a fine. Thereafter, on March 21, 1910, Ah Leong was indicted in Hawaii for bigamy; the charge being that in October, 1886, he married Hung Shee, and that afterward, while she was his wife, he married Ho Shee. To the charge of bigamy Ah Leong entered a plea of nolo contendere, was sentenced to jail and to pay a fine.

At the hearing before the board Ho Shee was identified as having been called Ah Keau, and she produced a certificate of identity or affi-

davit as to her identity, signed by the American consul at Hongkong. The board of special inquiry conducted a rigid examination of all the witnesses, and concluded that Ho Shee was entitled. to admission as the lawful wife of a citizen of the United States; one member of the board dissenting upon the ground that Ho Shee was a person who believed in and had practiced polygamy, and therefore was not entitled to admission.

Upon appeal by the dissenting member to the Secretary of Labor, the Secretary held that Ho Shee was not entitled to be admitted because she was not the lawful wife of Ah Leong, and incidentally expressed the opinion that the evidence failed to establish that applicant, Ah Keau, was the identical person who had entered into the marriage with Ah Leong in 1891. The expressions in the opinion of the Secretary of Labor casting doubt upon the identity of Ho Shee as being the same woman who married Ah Leong in 1891 are not controlling. The board of special inquiry was unanimous in believing she was the identical woman, and, while the decision of the Secretary of Labor reversed the board, it was not upon the question of identity, but because the evidence "wholly failed" to establish that Ho Shee or Ah Keau was married to a citizen of the United States, and failed to show that the "ceremony between Ho Shee or Ah Keau and Lau Ah Leong in 1891 was valid." Furthermore, upon the question of identity, the record would give no adequate support to any conclusion other than that reached by the District Court and the board of special inquiry. Zakonaite v. Wolf, 226 U. S. 272, 33 Sup. Ct. 31, 57 L. Ed. 218; Kwock Jan Fat v. White, 253 U. S. 455, 40 Sup. Ct. 566, 64 L. Ed. 1010; Ng Fung Ho v. White, 259 U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938.

[1, 2] The real question turns upon the finding that Ho Shee was entitled to admission as the wife of a citizen of the United States. Appellant contends that the lower court erred in a matter of law in deciding that Ho Shee, by proof of her marriage to Ah Leong in 1891, made a prima facie case, which was not overcome by the evidence of previous relationship with Ah Leong. But in our judgment the District Judge was right in holding that the local law of the territory of Hawaii, as construed by the highest court of the territory, should be of the greatest weight. Meister v. Moore, 96 U. S. 76, 24 L. Ed. 826; Sweeney v. Lomme, 22 Wall. 208, 22 L. Ed. 727; Travers v. Reinhardt, 205 U. S. 423, 27 Sup. Ct. 563, 51 L. Ed. 865; Work v. Globe Mining Co., 231 U. S. 599, 34 Sup. Ct. 274, 58 L. Ed. 389. And while this court will exercise its own judgment, it is none the less our duty to inquire what construction has been given to the local statutes of Hawaii by the highest court in the territory, and unless such construction be clearly erroneous, to conform our decision with the latest exposition. Green v. Neal, 6 Pet. (31 U. S.) 291, 8 L. Ed. 402; Leffingwell v. Warren, 2 Black (67 U. S.) 599, 17 L. Ed. 261; Fox v. Haarstick, 156 U. S. 674, 15 Sup. Ct. 457, 39 L. Ed. 576; Copper Queen Mining Co. v. Arizona Board, 206 U. S. 474, 27 Sup. Ct. 695, 51 L. Ed. 1143; Territory v. Hutchinson Sugar Co. (C. C. A.) 272 Fed. 856.

[3] In Parke v. Parke, 25 Hawaii, 397, decided in April, 1920, construing the territorial statute of 1883, and subsequent territorial statutes pertaining to marriage, it was held that there is no valid marriage

in Hawaii, unless there has been obtained a license for the purpose of marriage from the agent duly appointed to grant licenses to marry in the judicial district in which the marriage is to be celebrated. Speaking through Chief Justice Coke, the court carefully considered the previous decision (1905) in Godfrey v. Rowland, 16 Hawaii, 377, which held that the statutory provisions requiring a license to marry to be obtained were directory only, and, after citing section 8, c. 3, R. L. Hawaii, providing that what is done in contradistinction of a prohibitory law is void, although the nullity be not formally directed, expressly overruled the earlier decision, in so far as it held that a marriage in Hawaii is valid, notwithstanding no license to marry is first obtained by the parties. Thus, according to the settled law of the territory, there never was a valid marriage between Ah Leong and Hung Shee, and in 1891 Ah Leong, being competent to enter into the marriage with Ho Shee, and having complied with all the requirements of the law of the territory, the marriage between him and Ho Shee was legal, and was properly sustained.

The fact that Ah Leong pleaded guilty to bigamy does not affect the right of Ho Shee to be admitted into the United States. She was lawfully married to him, and in no way was a party to the proceedings against him. It is to be said, too, that in 1907, when Ah Leong entered his plea, the decision in Godfrey v. Rowland, supra, was regarded as the law.

The order appealed from is affirmed.