426 P.2d 398

**Clarence M. NICHOLAS and Mary Ida Nicholas, his wife, Appellants,**

v.

**Ray I. GILES and Marie Giles, husband and wife, Appellees.**

**No. 7994.**

Supreme Court of Arizona, In Banc. April 6, 1967.

John M. Levy, Emmett R. Feighner, (Deceased), Phoenix, for appellants.

Gibbons, Kinney & Tipton, Phoenix, for appellees.

STRUCKMEYER, Justice.

On October 6, 1960, plaintiffs-appellees brought a quiet title action against defendants-appellants, claiming title to a vacant lot in the City of Phoenix, Arizona. The trial court, sitting without a jury, found, consistent with Nicholas v. Fowler, 89 Ariz. 7, 357 P.2d 331, that the tax deed was void because of the failure of the underlying affidavit to show that plaintiffs used due diligence, as required by A.R.S. § 11–743, in notifying the previous owners of their intention to take the tax deed. The trial court also found that "plaintiffs have had

peaceable possession of the property involved since recordation of said deed [September 23, 1955] and have paid taxes on the property involved each year since June 17, 1955, up to and including the year 1961." Judgment was rendered in favor of the plaintiffs, and the defendants have appealed.

The evidence establishes that on July 27, 1954, plaintiffs purchased the property at a tax sale and received from the superintendent of streets a "Certificate of Sale of Property" describing the vacant lot in question. One year later, on July 27, 1955, they posted on a stake on the lot a "Notice Of Intention To Apply For Deed." On September 23, 1955, plaintiffs recorded their deed from the superintendent of streets and thereafter checked the property from time to time to see that it was in clean condition and that the service station next door was not using the lot without permission. Tax receipts show that the property was taxed in plaintiffs' names for the 1956 and subsequent taxes, and that plaintiffs paid the taxes for the years 1956 to 1961, inclusive. The 1960 tax receipt shows that it was issued on October 10, 1960, four days after the complaint in this case was filed, but more than two years before the trial.

Josephine Hanner, a relator and friend of defendants, testified that she was in touch with defendants (who at that time were living in Oregon) and that she notified defendants in 1955 that the tax deed had issued. Defendants engaged a lawyer to get the property back. This lawyer talked to plaintiffs who told him that they intended to keep the property. Defendants' knowledge of the fact that a tax deed had issued is uncontradicted.

There are three statutes which ostensibly might have some application to this case. A.R.S. § 12–523 provides:

"A. An action to recover real property from a person in peaceable and adverse possession under title or color of title shall be commenced within three years after the cause of action accrues, and not afterward.

"B. 'Title' means a regular chain of transfer from or under sovereignty of the soil. 'Color of title' means a consecutive chain of such transfer down to the person in possession without being regular, as if one or more of the memorials or muniments is not recorded or not duly recorded or is only in writing, or such like defect as does not extend to or include the want of intrinsic fairness and honesty, or when the party in possession holds the real property by a land warrant or land scrip, with a chain of transfer down to him in possession."

A.R.S. § 12–524 provides:

"An action to recover a lot located in a city or town from a person having a recorded deed therefor, who claims ownership and has paid the taxes thereon, shall be brought within five years after the cause of action accrues, and not afterward, provided that the person against whom that action is brought, by himself or his grantors, has claimed ownership thereof and has paid the taxes thereon for at least five consecutive years next preceding the commencement of such action."

A.R.S. § 12–525 provides:

"A. An action to recover real property from a person in peaceable and adverse possession, and cultivating, using or enjoying the property, and paying taxes thereon, and claiming under a deed or deeds duly recorded, shall be commenced within five years after the cause of action accrues, and not afterward.

"B. This section shall not apply to anyone in possession of land, who in the absence of this section would claim title through a forged deed, and no one claiming under a forged deed or a deed executed under a forged power of attorney shall be allowed the benefits of this section."

■ Both A.R.S. § 12–523 and § 12–525 were adopted almost verbatim from the

Texas Statutes. In Land v. Banks (Tex. Civ.App.), 241 S.W. 299, 305 the court said:

" * * * before a party can successfully interpose the 3-year statute of limitation, based upon a mere tax collector's deed * * * he must prove that all the legal requisites to a valid tax sale were complied with; otherwise he can have neither title nor color of title under the 3-year statute, regardless of the fact that all other elements, such as the possession and payment of taxes, might be present."

We agree, and therefore hold that a void tax deed cannot be made the basis for invoking § 12-523, supra.

■ In considering defendants' argument that § 12-525 has no application to the facts of this case, § 12-521, defining "adverse possession" as "an actual visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another," must be given effect. While we have held that there need not be actual occupancy of the land, nor residence, nor cultivation (where premises were used for storage), and that "what acts may or may not constitute a possession are necessarily varied, and depend upon the circumstances of the case," Spillsbury v. School District #19, 37 Ariz. 43, 48, 288 P. 1027, we have not held that one who occasionally drives by a vacant city lot is in visible possession thereof.

" * * * a claimant, relying upon this statute, must show such open, notorious, continuous, and visible adverse occupation and use under claim of ownership as would constitute that adverse possession, use, or enjoyment by which either the presumption or the fact of notice and acquiescence upon the part of the title owner would arise to bar his right." Lewis v. Farrah, 65 Ariz. 320, 322, 180 P.2d 578.

In Collins v. Dye, 94 F.2d 799, the United States Court of Appeals for the Ninth Circuit, interpreting A.R.S. § 12-521, said:

"The general allegation of adverse possession by appellant is made futile by the further averment that the real estate in question is vacant and unimproved and not fenced or enclosed. To constitute adverse possession * * * there must be 'an actual and visible appropriation of the land, * * *' "

Accordingly, we hold that A.R.S. § 12-525 has no application to this case.

■ While neither party has raised in this Court the applicability of § 12-524, we think because of the extended nature of this litigation (now over ten years) that the trial court's judgment should be sustained on the basis of that section. On appeal, this Court will sustain the trial court's judgment on any theory supported by the evidence if the trial court could only come to one legal conclusion. Komarek v. Cole, 94 Ariz. 94, 381 P.2d 773; In re Sherrill's Estate, 92 Ariz. 39, 373 P.2d 353; Tevis v. Ryan, 13 Ariz. 120, 108 P. 461, aff'd 233 U.S. 273, 34 S.Ct. 481, 58 L.Ed. 957.

Section 12-524 has four elements:

1. It must be an action to recover a lot in the city or town.
2. It must be against a person who does not have a recorded deed, or
3. Who has not claimed ownership, or
4. Who has not paid taxes thereon for five years.

Elements one, two and three are not in dispute.

■ The deed from the superintendent of streets, though void, was sufficient to operate as a recorded deed. We said in Sparks v. Douglas, 19 Ariz. 123, 127, 166 P. 285:

"When the statute [12-524] speaks of a recorded deed as one of the elements of title by adverse possession, it specifies the kind or quality of title * * * which is necessary to support it. It means a deed not void upon its face which, tested by itself, has all the constitutent parts

knitted into that kind of an instrument, not that it is a conveyance, but that it purports to operate as a conveyance. *If the deed actually conveyed a perfect title this would be title not color.* * * * The rule obviously required by the statute here invoked does entirely away with all necessity for judicial investigation into the hidden motives of the claimant and all questions respecting his good faith, substituting instead the rule that a person has perfect investiture of title precluding all claims, when the notoriety of the three elements prescribed by the statute are established as concurring for the statutory period in support of his claim." (Emphasis supplied.)

And we also said in Work v. United Globe Mines, 12 Ariz. 339, 100 P. 813:

"As the deed relied upon * * * was not void upon its face * * * it was nevertheless, * * * sufficient upon which to base title by adverse possession under the five year statute."

In State v. Harmon, 57 W.Va. 447, 50 S.E. 828, the court said:

"It is settled law that a tax deed, though void, constitutes good color of title."

And see Simmons v. McCarthy, 128 Cal. 455, 60 P. 1037, and Bavousett v. Bradshaw (Tex.Civ.App.), 332 S.W.2d 155.

■ By the statute under consideration, an action to recover a lot "shall be brought within five years after the cause of action accrues." This language can only mean that a cause of action accrues when the deed is recorded, and that within the next five years a person suing to recover real property must bring his action. If it were otherwise and the cause of action did not accrue at the time of the filing of the recorded deed, the limitations to the bringing of the action would be indefinitely extended to some remote time beyond the five-year period specified.

Since plaintiffs' adverse possession began the day they recorded their deed on September 23, 1955, and this action was brought on October 6, 1960—more than five years after the recording—the only remaining question is whether the plaintiffs showed payment of taxes for at least "five consecutive years next preceding the commencement of such action."

■ As stated, plaintiffs brought this action to quiet title four days before they paid the fifth year's taxes. They pleaded peaceful and adverse possession and the payment of taxes for five years under a deed issued pursuant to statute by the superintendent of streets. Twenty-four days later, defendants filed their answer denying the foregoing allegations; but in the meantime and before the filing of the answer, the fifth year's taxes had been paid. Hence, at the time defendants filed their answer, plaintiffs' allegation of having paid taxes for five years was true.

Plaintiffs were entitled to the benefits of § 12–527 reading:

"When an action for recovery of real property is barred by any provision of this article, the person who pleads and is entitled to the bar shall be held to have full title precluding all claims."

Plaintiffs pleaded adverse possession as the basis for quieting title to the lot. They were entitled to the bar at the time of trial and at the time the court entered judgment of full title precluding the defendants' claim. See Work v. United Globe Mines, 12 Ariz. 339, 100 P. 813, aff'd 231 U.S. 595, 34 S.Ct. 274, 58 L.Ed. 389.

■ One more detail deserves mention. Plaintiffs paid the 1956 taxes of $2.68 on October 11, 1956, and introduced into evidence the county treasurer's official receipt therefor. It shows that the property was taxed in their names. It appears, from another of the official receipts of the county treasurer, that defendants also paid the $2.68 tax for 1956—on September 20, 1956. Defendants contend that plaintiffs' payment of taxes is not a payment within the contemplation of the Arizona statutes

of limitation. As to this, the Supreme Court of Texas said:

"Defendants in error also contend that, they having paid taxes on the land for the several years from 1895 to 1901, inclusive, prior to the time when Thompson paid taxes for the same years, the latter could not, by paying taxes thereon, acquire title by virtue of his possession for five years. We are of the opinion that while in possession of the land Thompson had the right to render it for taxation ·* * * and thus to comply with the statutory requirement that he should pay taxes during the continuance of his possession, notwithstanding other persons claiming the land might at the same time pay taxes thereon." Thomson v. Weisman, 98 Tex. 170, 82 S.W. 503

(overruled on other grounds in Park v. Sweeten, Tex.Civ.App., 270 S.W.2d 687).

It is clear from the record that the defendants knew as early as 1955 that the plaintiffs were claiming ownership of the land under a deed from the superintendent of streets. Defendants could have prevented the running of the statute of limitations by bringing a timely action. They did not act promptly and expeditiously. Courts are not disposed to assist those prosecuting stale claims.

The judgment of the court below is affirmed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL and LOCKWOOD, JJ., concur.