[Civil No. 767.   Filed March 19, 1902.]

[68 Pac. 558.]

CHARLES GOLDMAN, Administrator of the Estate of M. Wormser, Deceased, Plaintiff and Appellant, v. PEDRO SOTELO, Defendant and Appellee.

1. EJECTMENT—DEFENSE—ADVERSE POSSESSION — STATEMENT OF LIMITATION—WHERE PLAINTIFF CLAIMS UNDER DEEDS FROM DEFENDANT —REV. STATS. ARIZ. 1887, PARS. 2297, 2299, CITED.—Under paragraph 2297, *supra,* providing that adverse possession must be either under title or color of title to set up the three-year bar, and paragraph 2299, *supra,* providing among other things that adverse possession must be under a deed duly registered to set up the five-year bar, a defendant in ejectment is precluded from setting up adverse possession for either period as against his own deed to plaintiff, upon which deed plaintiff declared solely.

2. SAME—SAME—SAME—SAME—FIVE-YEAR LIMITATION — PAYMENT OF TAXES—REV. STATS. ARIZ. 1887, PAR. 2299, CONSTRUED.—Under paragraph 2299, *supra,* providing that any one paying taxes on the property and doing certain other things may set up adverse possession for five years as a defense to an action to recover said property, evidence of payment of taxes prior to the particular years set up in the defense is irrelevant and immaterial.

3. SAME—ISSUES—INSTRUCTIONS TO JURY—MISLEADING.—Plaintiff in ejectment declared solely upon his conveyances from the defendant, which on their face vested in him title and right of possession. The defendant set up in his answer two defenses,—one that the deed relied on by plaintiff was a mortgage, the other that the action of the plaintiff had been barred by the statute of limitations.   The latter defense not being open under the pleadings and evidence, and the only issue being whether deed from defendant to plaintiff was intended as an absolute conveyance or as a mortgage, it was erroneous and misleading to instruct that the verdict must be for the defendant, even if plaintiff is shown to have the legal title, if defendant had the right to the possession of the property at the commencement of the action, as, under the issues, the defendant could not be found to have had the right to possession unless he had the legal title.

4. STATUTORY CONSTRUCTION — STATUTE COPIED — INTERPRETATION OF STATUTE BY FORMER STATE—PRESUMABLY ADOPTED.—Having copied *verbatim* the statute of another state, the legislature is presumed to have adopted with it the interpretation of it as given by the supreme court of the state.

APPEAL from a judgment of the District Court of the

Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Reversed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

One claiming land by virtue of possession, peaceable and adverse, for three years must show in addition thereto a regular chain of title from the sovereignty of the soil down to himself, unbroken by any conveyance of the property by himself, or rather that the chain of title from the sovereignty of the soil must end and terminate in himself. *Voight* v. *Mackle,* 71 Tex. 78, 8 S. W. 623; *Wright* v. *Daly,* 26 Tex. 730; *Harris* v. *Hardeman,* 27 Tex. 249; *Long* v. *Brenneman,* 59 Tex. 211; *Brownson* v. *Scanlon,* 59 Tex. 225; *Blum* v. *Rogers,* 71 Tex. 677, 9 S. W. 595; *Grigsby* v. *May,* 84 Tex. 254, 19 S. W. 343.

Millay & Christy, and C. F. Ainsworth, for Appellee.

DOAN, J.—Charles Goldman, administrator of the estate of M. Wormser, deceased, brought an action of ejectment on February 24, 1900, in the district court of Maricopa County, against Pedro Sotelo, to recover possession of one hundred and ten acres of land in Maricopa County, to which he claimed title and the right of possession in M. Wormser, deceased, at the time of death, and in himself, as administrator, on May 10, 1898, on which date he alleged ouster, wrongful possession, and refusal to surrender on the part of the defendant. The defendant set up in his answer peaceable and adverse possession under title or color of title for three years next before the commencement of the action; peaceable and adverse possession of the premises, cultivating, using, and enjoying the same and paying taxes thereon, and claiming under a deed or deeds duly registered for more than five years next before the commencement of the action; and set up the bar of limitation in such cases provided. In addition to the statute of limitations, he set up a plea of not guilty and a general denial, after which, as a special further defense, he alleged that: "The plaintiff does hold a certain deed or deeds purporting to convey the lands and premises described in the complaint from the defendant to said M. Wormser,

deceased, on which the defendant believes the plaintiff founds this action; but that any such deed or deeds so given and executed by this defendant to said M. Wormser, deceased, were intended only to be given, and were so received, as security for a certain debt which said defendant owed to said M. Wormser, deceased, which said debt has long since been fully paid off and satisfied.'' The trial of the cause was had before a jury on June 11, 1901, upon which trial the plaintiff introduced in evidence a warranty deed executed by Pedro Sotelo to Miguel Wormser, dated July 10, 1888, duly acknowledged and recorded, conveying the premises in question; also a warranty deed executed by Pedro Sotelo and his wife, Francisca, to M. Wormser, dated April 15, 1890, duly acknowledged and recorded. This last-mentioned deed recited that it was executed to correct the description of land conveyed by the deed above mentioned of July 10, 1888. The defendant offered in evidence a patent conveying the land in controversy from the United States to Pedro Sotelo, dated May 23, 1888, and oral testimony. After the introduction of evidence and the argument of counsel, the case was submitted to the jury on the charge of the court including the instructions given upon the request of the plaintiff and the defendant. The jury, by their verdict, found for the defendant, and judgment was entered in accordance with such verdict. A motion for a new trial was denied. From the judgment and the denial of the motion for a new trial, the plaintiff appeals.

The appellant has assigned nine several errors on the part of the lower court, seven of them directed against the instructions of the court. The most serious objection to the instructions of the court is urged against the third instruction given at the request of the defendant, to wit: ''The court instructs the jury that, in order for him to recover in this action, it is not sufficient for the plaintiff to show the legal title in himself, but he must also show he had the right of possession of the property in question at the time of the commencement of this action, and has such right of possession now; and, even if the plaintiff be found by you, from the evidence, to have the legal title, if you further find that the defendant had, at the time of the commencement of this action, a just and equitable right to the possession of the said property, then your verdict must be for the defendant.'' The giving of this in-

struction is assigned as error, for the reason that there is no evidence in the record upon which to base such instruction. The instruction complained of, although unquestionably good law in a great many cases in ejectment,—possibly in the majority,—is not the law applicable to this case, as presented by the pleadings and the evidence. Neither is it consistent with the other instructions given by the court, and it may have misled the jury. Where the title exists in one party, and the legal or equitable right of possession is set out in his pleadings by the other party, and is sustained by evidence, the instruction complained of would have been applicable, and would correctly state the law. In this case, however, the plaintiff declared solely upon his conveyances from the defendant, which, on their face, vested in him title and right of possession. The defendant set up in his answer only two defenses—one that the deed relied on by the plaintiff was a mortgage; the other that the action of the plaintiff had been barred by the statute of limitations. The court instructed the jury, that: "The execution and delivery of the deeds from Sotelo to Wormser in evidence in this case is not disputed, and those deeds upon their face convey the title and right of possession to Wormser." "The fact that after the execution of the deeds Sotelo remained in the occupancy of the land is not sufficient to change the character of those instruments from conveyances of title to mortgages for the security of the debt." "The deeds from Sotelo to Wormser in evidence are upon their face sufficient to convey the title and right of possession to the lands in dispute to Wormser, and the presumption of law is that they were executed for that purpose, and that presumption can only be overcome by clear, satisfactory, and convincing testimony that they were never intended for that purpose, either by Sotelo or Wormser." These instructions tell the jury in plain terms that the deeds in question, if deeds of conveyance as indicated on their face, would convey the title and right of possession to Wormser, and would warrant a verdict on their part for the plaintiff, unless some other defense was shown by the defendant. The only other defense pleaded by the defendant was the statute of limitations. The defendant, Sotelo, could not avail himself of either the three-year or five-year statute of limitation without at the same time showing that he claimed under a deed

or deeds duly registered, and such deed or deeds must be subsequent to the deeds by which he himself had conveyed the property to the plaintiff; in other words, he could not set up the statute of limitations as against his own deed, relying upon his former title. One claiming land by virtue of possession, peaceable and adverse, for three years, under our statute, must show, in addition thereto, a regular chain of title from the sovereignty of the soil down to himself; or, rather, the chain of title from the sovereignty of the soil must end and terminate in himself. One claiming by such possession for five years must show, in addition thereto, use, cultivation, and payment of taxes, and that he is claiming under a deed or deeds duly registered. On that point the court instructed the jury: "In order that the defendant may avail himself of the statute of limitation in this case, he must prove continuous adverse possession of the disputed premises for five years under a recorded deed, and the payment of taxes on the land by the party pleading the limitation for each of the five years; and the omission to pay taxes by the party pleading the statute is fatal to such defense." There is no evidence in the record of the payment of taxes on the land by the party pleading the limitation for any one of the five years next preceding the action. There was some evidence relative to Wormser, the deceased, having charged the defendant, in 1890, for the taxes on the land in dispute for the year 1889, but that would be wholly irrelevant and immaterial if sustained, because the only years for which the payment of taxes was material were the years of 1893, 1894, 1895, 1896, and 1897. The court further instructed the jury: "No. 7. Possession of the premises in controversy by the defendant for three years cannot avail the defendant as evidence of his right of possession of said premises, unless he shows, in addition thereto, a chain of title from the United States to himself, without any subsequent conveyance of the title away from himself. If, after that title has been vested in the defendant by the consecutive chain of title from the United States to him, the defendant has conveyed the land in controversy to plaintiff's intestate, M. Wormser, he cannot base his three-years' possession of said premises under such chain of title to himself as against his own subsequent grantee, M. Wormser, or his administrator." The language of our statute

extends the restriction pronounced in this instruction, holding that the conveyance of title from himself by the defendant after the date of the deed conveying the title to him deprives such defendant of the benefit of the statute of limitation by reason of possession for three years, to the plea of the statute by reason of possession for five years with equal force. These instructions told the jury, in substance, that if the deeds in question executed by the defendant to Wormser were conveyances of title, as indicated on their face, the defendant could not avail himself of either the five or the three-years' statute of limitation against the plaintiff, and thus eliminated the question of limitation from the case, and left before the jury only the one issue: If the deeds in question were conveyances of title, the jury should find for the plaintiff; if they were mortgages for security of debt, they should find for the defendant. Pursuant to this idea, the court very properly followed up the last instruction quoted by the further instruction: ''The court instructs the jury that if it finds from the evidence that the defendant is in possession of the lands in controversy, and that the plaintiff claims the right of possession of the same by virtue of a deed or deeds to the same, executed and delivered by the defendant to Wormser, deceased; and if the jury further find from the evidence that the defendant executed and delivered said deed or deeds to M. Wormser, deceased, as security for a debt or debts,—then the plaintiff cannot recover in this action under such deed or deeds.'' It is urged by counsel for appellee that plaintiff's given instruction No. 7 was too strict, because the grantor may plead the statute of limitations against his grantee; and he supports this position by citing New York and California authorities. The New York statute provides that adverse possession for a period of twenty years gives title. In the case of *Jackson* v. *Oltz*, 8 Wend. 440, it was held that, to constitute adverse possession, there must in all cases be a claim of title. A deed need not be shown as evidence of that title; but where there is no paper title there must be a *pedis possessio,*—an actual occupancy. If the possession was adverse, and had been so for more than twenty years, then that possession ripened into a title, and the possessor must recover against the holder of the true title, although the paper title is in reality not in such pos-

sessor. *Sherman* v. *Kane*, 86 N. Y. 57, following the same doctrine, declares that the legal presumption is in favor of the person establishing title, unless the premises are shown to be held adverse to the title for at least twenty years before the commencement of the action. The California statute of limitations relating to real estate is copied from the statute of New York with but slight verbal changes, and provides that five years' adverse possession covers all actions, and as effectually bars all rights of other claimants as twenty years' adverse possession under the New York statutes or sixty years' adverse possession under the common law. The California statute reads: "No action for the recovery of real property, or for the recovery of the possession thereof, shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within five years before the commencement of such action." Code Civ. Proc., sec. 318. Under this statute the supreme court of California has held that: "An adverse possession of land for a period of time prescribed by the statute not only bars the remedy, but practically extinguishes the right of the party having the true, proper title, and vests a perfect title in the adverse holder." *Garibaldi* v. *Shattuck*, 70 Cal. 511, 11 Pac. 778; *Richardson* v. *Williamson*, 24 Cal. 289; *Arrington* v. *Liscom*, 34 Cal. 385, 94 Am. Dec. 722. These doctrines are not applicable to the case at bar because of the statutes under which they were rendered being radically different from our statute. The New York and California statutes accorded the benefit of the bar to the adverse holder by reason simply of adverse possession, whereas our statute provides (Rev. Stats. 1887, sec. 2297) that the adverse possession shall be held either "under title or color of title" or (sec. 2299) "under a deed or deeds duly registered." The Arizona statute of limitations relied on by the defendant in this case was taken from the statute of Texas, and the law on this subject, as recognized by the supreme court of that state, is given in the case of *Voight* v. *Mackle*, 71 Tex. 78, 8 S. W. 623. This is a well-considered case, and is founded upon a long line of decisions of the supreme court of Texas upon the same statute. In this case the grantor of the land brought a suit to quiet title against the party to whom his grantee had conveyed the land, and in his complaint set up

his adverse possession, use, cultivation, and payment of taxes under the duly registered deed made to him ten years prior to his conveyance to his immediate grantee, and the lower court held that he had acquired title by virtue of the five-year statute of limitation, and gave him judgment. The supreme court, in reversing this judgment, say: "In *Harris* v. *Hardeman*, 27 Tex. 248, it is said, and perhaps authoritatively decided, that, when the ancestor has conveyed the land in his lifetime, his heirs, upon gaining possession, had no title, and could not set up the statute of limitation either of three years or five years, under the grant to him. The statement of the case does not clearly show whether the point as to the limitation of five years was presented or not, though the language of the court in the opinion would indicate that it was. However that may be, the principle announced is sound. The reason upon which the statute of five years is based would seem to be that the party, by taking possession under a deed, which is spread upon the records, gives distinct notice of his claim to the land and of the deed through which he derived his title. If, after this open challenge of the rights of the adverse claimants, his possession, use, cultivation, and payment of taxes continue for five years, the statute means that he shall be conclusively presumed to be the owner of the land. But can a possessor who has subsequently conveyed the land be said to claim that under the conveyance which he had transferred to another? We think not. In order to avail himself of the statute as a claimant under a recorded deed, he need not have the lawful title, but he must at least retain during the statutory period such claim as the deed purports to convey." Aside from the soundness of its reasoning, this decision is of particular weight in this territory for the reason that our statute of limitations, pleaded by the appellee in this case, is copied *verbatim* from the statute of Texas, and the decision quoted above is the interpretation of that statute by the state from which it was adopted; and, having adopted the statute, the legislature is presumed to have adopted with it the interpretation of it as given by the supreme court of the state.                                              •

This condition of the case narrowed down the issue before the jury to the consideration of the character of the instruments in question, and left the case in such condition "that,

in order for him to recover in this action, it'' was ''sufficient
for the plaintiff to show the legal title in himself,'' because
in this case, under the law as it was declared by the court in
his instructions, the plaintiff, in order to show the legal title
in himself, necessarily by that act showed right of possession;
and, the showing of the legal title likewise showing right of
possession, left nothing further incumbent on the plaintiff,
and rendered erroneous the instruction of the court com-
plained of, to wit: ''Even if the plaintiff be found by you
from the evidence to have the legal title, if you further find
that the defendant had, at the time of the commencement of
the action, a just and equitable right to the possession of the
said property, then your verdict must be for the defendant.''
For the reason that, if the plaintiff was found by the jury
from the evidence to have the legal title, it was impossible,
under the pleadings and evidence in this case, that the defend-
ant could have a just and equitable right to the possession of
the property, or for the jury to so find. It was misleading to
the jury, and was the more likely to confuse them because of
the fact that the defendant had set up the statute of limita-
tions in his answer, and had introduced evidence to establish
the fact of possession for the purpose of sustaining that plea.
The instructions relative to the statute of limitations given by
the court, while correct declarations of the law as far as they
went, were not sufficiently definite and plain to enable us to
say that the jury understood therefrom that the bar of the
statute of limitations was entirely eliminated from the case.
There was greater danger of their being misled by the in-
struction complained of because of the fact that, unless there
remained for their consideration some defense of that char-
acter, this instruction would be inconsistent with the other
instructions of the court, and not founded upon or applicable
to any issue in the case. There was no evidence upon which
to base the instruction complained of, and, from the nature
of the case, the giving of it at this time was error, and there
is no assurance that the error was not prejudicial to the plain-
tiff. If the jury rendered their verdict upon the theory that
the deeds placed in evidence were in fact mortgages for secur-
ity of debt, the plaintiff was not prejudiced or injured by the
instruction; but, if the jury were to render their verdict on
the theory that the deeds were in reality mortgages, there

was no occasion for this instruction. The asking of it by the defendant and the giving of it by the court can only be accounted for on the theory that it was intended to say to the jury that, "If you do not find that the deeds are in reality mortgages, yet if you find that the defendant has a just and equitable right to the possession of the premises, although you have found the title to be in the plaintiff, you must find for the defendant." This, being impossible in this case, as above set forth, unless the plaintiff was barred by the statute of limitations from securing his legal rights, would mislead the jury to believe that the defendant was in some way entitled to receive the benefit of the bar of the statute, although the court had legally and in technical terms elsewhere instructed them that he was not. The determination of this question will render unnecessary a consideration of the other points assigned as errors in the appellant's brief.

The judgment of the lower court is reversed, and the cause is remanded for new trial.

Sloan, J., and Davis, J., concur.