[Civil No. 1536.   Filed June 23, 1917.]

[166 Pac. 285.]

AURELLA B. SPARKS and HARRY C. WHEELER, Sheriff, Appellants, v. DOUGLAS AND SPARKS REALTY COMPANY, a Corporation, Appellee.

1. CONSTITUTIONAL LAW—POWERS OF LEGISLATURE AND OF COURTS.—The enactment of limitation statutes as regarding suits to quiet title, and the wisdom of such statutes, are within the power of the legislature, and neither is open to question.

2. ADVERSE POSSESSION—REQUISITES.—To complete title by limitations under Revised Statutes of 1913, paragraph 700, the claimant must have a recorded deed, must claim ownership, and must have paid taxes for at least five consecutive years next preceding the institution of the suit.

3. ADVERSE POSSESSION — COLOR OF TITLE — VOID DEED. — One who claimed under a deed from several persons signed by all of them, and acknowledged by all but one, and purporting to have been acknowledged by her, by her husband as agent, and who completed the other requisites of title, had a complete title under Civil Code of 1913, paragraph 700; the deed, even if void as to the one party, being sufficient to constitute color of title.

   [As to what amounts to color of title sufficient to sustain adverse possession, see notes in 14 Am. Dec. 580; 88 Am. St. Rep. 701.]

4. ADVERSE POSSESSION—GOOD FAITH.—Under Civil Code of 1913, paragraph 700, as to limitations of actions to quiet title, good faith is not an element of color of title.

APPEAL from a judgment of the Superior Court of the county of Cochise.   Alfred C. Lockwood, Judge.   Affirmed.

Mr. O. Gibson, for Appellants.

Mr. J. F. Ross and Messrs. Boyle & Pickett, for Appellee.

FRANKLIN, C. J.—Aurella B. Sparks, one of the appellants, has a money judgment against John Milton Sparks. To satisfy this judgment an execution was issued and a levy made upon certain city lots, to wit: Lots 3, 4, and 5 in block 83 in the city of Douglas.   In the usual course a sale under the levy would have taken place, but the Douglas and Sparks

Realty Company, a corporation, the appellee, sought to enjoin a sale of the property, and as a basis for injunctive relief asserted title to the property by adverse possession. The relief asked was granted, and this appeal is taken from the judgment in favor of appellee and against the appellants, Aurella B. Sparks and Harry C. Wheeler, the latter being the sheriff of Cochise county.

By the laws which govern this case the appellee has a title against all the world, provided that the constituent elements which constitute the title given by the statute are established as present and concurring. The title which appellee asserts is grounded upon the provisions, respectively, of paragraphs 700 and 702 of the Revised Statutes of 1913, which have been translated from Revised Statutes of 1901, appearing in the latter as paragraphs 2940 and 2942, except that where in paragraph 2940 of the Revised Statutes of 1901, the word "village" is used, the word "town" appears in paragraph 700 of the Revised Statutes of 1913. It is provided in paragraph 700 that:

"Every suit instituted to recover any lot or lots situate in a city or town against a person having a recorded deed therefor, who claims the ownership thereof and who has paid the taxes thereon, shall be instituted within five years next after the cause of action accrued and not afterwards: Provided, that the one against whom the suit is instituted, by himself or his grantors, shall have such recorded deed or deeds on record, shall have claimed the ownership thereof and shall have paid the taxes thereon for at least five consecutive years next preceding the institution of such suit."

And in paragraph 702 that:

"Whenever in any case the action of a person for the recovery of real property is barred by any of the provisions of this title the person who pleads and is entitled to the bar shall be held to have full title precluding all claims."

The purpose of the law is quite obvious. Such enactments are invented for the purpose of quieting the title to city lots and of putting an end to litigation, and neither the power of the legislature to do so, nor the wisdom of so doing, is open to question.

"While it is true that in one state at least there are special statutes under which possession for the statutory period bars the remedy merely, in America the doctrine is almost

universal that possession for the statutory period not only bars the remedy of the holder of the paper title, but extinguishes his title and vests title in fee in the adverse occupant. The title acquired by adverse possession is a title in fee simple, and is as perfect a title as one by deed from the original owners or by patent or grant from the government. When once acquired it continues until conveyed by the possessor or until lost by another adverse possession." 1 Cyc., p. 1135.

In 1 R. C. L. 690, it is said:

"On the expiration of the limitation period" with all the constituent elements established, "he [the disseisor] has an indefeasible title which can only be divested by his conveyance of the land to another, or by a subsequent disseisin for the statutory limitation period."

When one acquired such a title or right it may be used either as a weapon or as a shield just as his necessities may demand, or, as expressed in the case of *Work* v. *United Globe Mines,* 12 Ariz. 339, 100 Pac. 813, "adverse possession for the statutory period confers title which may be asserted either in law or in equity and in any form of action," for where once the law had declared a title perfect, it must include everything necessary to produce that effect. It will be perceived from the statutes quoted that the remedy is not only barred, but in express terms the person who pleads and is entitled to the bar shall be held to have full title precluding all claims. The legislature of this state having provided for the complete investment of an absolute and unconditional title under these statutes, it remains only for this court to determine if the claim of appellee comes within or may be rested under the law.

The three elements that must be present and concurring are these: The claimant shall have a recorded deed to the city lots, shall have claimed the ownership of the lots, and shall have paid the taxes thereon for at least five consecutive years next preceding the institution of a suit. The appellee proved its claim of ownership of the lots by showing the open, notorious, exclusive, and hostile possession thereof, with such acts of ownership as are usual and ordinary on the part of persons owning similar property, and its payment of the taxes thereon for the required period. It is not disputed that these two elements are established in the case. But the

contention is that the element of a recorded deed is lacking because it was not acknowledged by one of the grantors before some officer authorized to take acknowledgments and properly certified to by him for registration as required by paragraph 725 of the Revised Statutes of 1901. In *Lewis* v. *Herrera*, 10 Ariz. 74, 85 Pac. 245, the rule was laid down that a deed signed by the grantor, but not acknowledged and certified for recordation as provided by the statute, will not operate to effect a conveyance of real estate as to third persons. It was not there held that a deed so executed·was void as between the parties, neither was it held that such deed would be insufficient to show color of title under the statutes of limitations.

The appellee is not claiming here that the deeds operated to effect a conveyance of the city lots, but that such deeds operated to show color of title as one of the elements necessary to show its ownership of the property by adverse possession under the statute. It is claiming title in this suit by virtue of the statute, and not by virtue of the deeds operating as a conveyance. It may be admitted for the purposes of this case that a deed signed by the grantor, but not acknowledged by him and certified by the officer taking the acknowledgment for recordation, is void upon its face, and will not afford a basis as color of title; the facts of this case, however, do not call for a decision on the question, and we intimate no opinion upon it. The two deeds in question were made and recorded on or about August, 1907, and have all the elements of good and sufficient deeds. Grantors and a grantee are named, a lawful consideration expressed, the property purporting to be conveyed is accurately described, and apt words of conveyance are used. The grantors named in the body of the deeds all signed and acknowledged the same, and the officer before whom the acknowledgments were taken certified the same for registration. The deeds were placed on record. It is recited in the body of the deeds:

"That F. S. Douglas and J. M. Sparks (Josephine Douglas, wife of F. S. Douglas) grant, sell and convey to Douglas & Sparks Realty Company, Incorporated. . . . "

The deeds are signed by F. S. Douglas, Mrs. Josephine Douglas, J. M. Sparks, Mrs. A. B. Sparks, by J. M. Sparks, power of attorney.' The deeds were not acknowledged by or for Mrs. A. B. Sparks. It is argued that because the deeds

were signed in this fashion for Mrs. A. B. Sparks, and were not acknowledged by or for her, that the deeds were not entitled to be recorded. The conclusive answer to this is that the deeds were duly signed and acknowledged and certified to be recorded by the grantors named in the body of the deed. Under the statute of course it is not indispensable that a grantor be named in the body of the deed, but here three grantors were so named, and the grantors so named did make acknowledgment which was certified for registration. The fact that a person's name appears upon a deed as having been signed by power of attorney whether in truth it was signed with or without authority, and though no acknowledgment was made by or for such person, this would not make the deed void upon its face as to those parties who did properly execute it. At most it would be void and not binding as to the party who did not execute it. If one of the parties alone had signed and acknowledged the deed, and the certification for registration made, and the deed placed on record, this would have been sufficient so far as the question here presented is concerned. The fact that other parties either failed to sign, or signed and failed to acknowledge it, would be no cause to prevent its registration, though such an omission might deny the effect of a conveyance as to the parties who failed in this respect. It might be that the deed is void upon its face as to Mrs. A. B. Sparks, but that fact would not make it void as to other parties. The defect in this thinking that appellant may not prevail because the deed may be void upon its face as to Mrs. A. B. Sparks springs from a failure to distinguish between the rights based on a color of title which are given to the claimant under the statutes, and which may be asserted against all the world, and title given by a conveyance which would be governed by the laws applicable to transfers of title by act of parties. When the statute speaks of a recorded deed as one of the elements of title by adverse possession, it specifies the kind or quality of that color of title which is necessary to support it. It means a deed not void upon its face, which, tested by itself, has all the constituent parts knitted into that kind of an instrument, not that it is a conveyance, but that it purports to operate as a conveyance. If the deed actually conveyed a perfect title this would be title not color.

"In order that a deed may give color of title it is not necessary that the grantor should have had title either to the whole or to any part of the land conveyed, unless there is some statute from which this requirement may be inferred. A deed from a mere volunteer is good color of title. A title founded on adverse possession under a deed which purports to convey the title is wholly independent of prior conveyances or of the grantor's actual title." 2 C. J., p. 184, § 351.

The appellee urges that at the time these deeds were executed she and J. M. Sparks were husband and wife, and that an undivided interest in the property purported to be conveyed was community property of herself and husband, and that the deeds were tinctured with fraud. To ascertain such facts and to decide such matters a resort to extrinsic facts and circumstances would be necessary. The statute is unaffected because the deed is inoperative by reason of extraneous circumstances. *Work* v. *United Globe Mines,* 12 Ariz. 339, 100 Pac. 813.

Under many statutes good faith is an element of color of title, as, for instance, in paragraph 696 of the Revised Statutes of 1913, where the defects may not extend to and include the want of intrinsic fairness and honesty, or where as in Colorado the statute requiring "color of title in good faith," or Georgia, providing the "possession must not have originated in fraud," or Illinois, providing that "good faith as well as color of title" is necessary, or in Louisiana, requiring the claim to be based on "just title and to commence in good faith," or in Washington, requiring the claim to be made under "color of title made in good faith." See note 85 to section 406, Vol. 2 C. J., p. 200. But good faith is not a prerequisite under paragraph 700 of the Revised Statutes of 1913, which is the foundation of appellee's claim. We do not feel at liberty to insert in the operation of the statute an element which the law has not itself interposed. An instrument which possesses those characteristics that bring it within the definition of color of title as fixed by the law is color of title without regard to the good or bad faith of the claimant, or without reference to the fact whether or not he knew of the defects. And, as we have seen, the definition of color of title, as fixed by paragraph 700 of the Revised Statutes of 1913, is a recorded deed. The adjudications on this question are numerous, and we are fully convinced by the

principles enunciated in those decisions as well as by the reasonableness and justness of the rule, supporting as it does not only the letter but the very spirit and purpose of such enactments, in holding, under the statute quoted, that good faith is not an element of the claim. The cases which take a contrary view, not impelled by the language of a particular statute, evidently proceed out of a reluctance of those courts to give an effect to the rule obviously prescribed by the statute. Such cases are negligible. It is but the suggestion of appellant that a court of equity may with impunity override the statute law. By the clearest and most fundamental principles that underlie the administration of justice this cannot be. The final object of equity is to do right and justice. Its principles will be applied in the construction of a statute to the end that it may be liberally construed, so that its objects may be promoted and justice effected. A court of equity will strive to get at the intention or general design of the legislature, even though it be against the strictness of its letter; but when the statute is perfectly clear and has determined the matter with all its circumstances, equity cannot intermeddle to supply a supposed deficiency of those things which are required. This would be a determination of what the law ought to be, not what it is, and such a determination must necessarily depend upon views to be varied and fluctuating according to the personal capacity or sense of right and justice possessed by the individual judge. Such is a function of the law-making power, not of the courts. Equity does not permit the rights of suitors to turn upon a compliance with mere forms, nor the decision of their causes to depend upon mere technicalities, but a court of equity can no more disregard a plain statutory provision than can a court of law. Equity has no power to assail or unsettle a perfect and independent legal right clearly defined and established by the statute. In such a situation the maxim *"equitas sequitur legem"* is strictly applicable. 1 R. C. L., p. 381, § 132. Law and equity must not be made to oppose, but each in its turn and proper place to be subservient to the other. The observations made do not intimate that any bad faith is present in the record presented; they are limited to the conclusion that such matters are irrelevant to the inquiry here. Such matters could have been presented by appellant in one way or another to interrupt the running of the stat-

ute. Nothing in this behalf was done. When the bar of the statute is complete a party cannot be heard by proof outside the deed to overthrow the statute.

The rule obviously required by the statute here invoked does entirely away with all necessity for judicial investigation into the hidden motives of the claimant and all questions respecting his good faith, substituting instead the rule that a person has perfect investiture of title precluding all claims, when the notoriety of the three elements prescribed by the statute are established as concurring for the statutory period in support of his claim, to wit: That the claimant by himself or his grantors shall have a recorded deed to the city lot or lots, shall have claimed the ownership thereof, and shall have paid the taxes thereon for at least five successive years next preceding the institution of the suit. See 1 R. C. L., p. 709, § 22; 1 Cyc. 1101. These required elements have been clearly established as concurring in support of appellee's claim. Appellant contends that appellee ought not to be permitted to prevail because it is the alter ego of J. M. Sparks, but this contention may be dismissed as the mere assertion of appellant substituting inference and argument for the facts of the case.

It is now time for decision, and it follows from the views expressed that the judgment of the superior court must in all things be affirmed. It is so ordered.

CUNNINGHAM and ROSS, JJ., concur.

On necessity of color of title when not expressly made a condition by statute to found title by adverse possession, see note in 15 L. R. A. (N. S.) 1178.