[Civil No. 4571. Filed October 3, 1944.]

[152 Pac. (2d) 133.]

ASA MANOR, ADAM MANOR AND DOSSIE MANOR, Appellants, v. R. B. STEVENS, Appellee.

512

Mr. V. L. Hash, and Mr. L. V. Rhue, for Appellants.

Messrs. Cox & Cox, for Appellee.

FAIRES, Superior Judge.—Plaintiffs below are the appellants in this Court and will be hereinafter referred to as plaintiffs. Appellee was defendant below and hereinafter referred to as defendant.

The action was instituted in the Superior Court of Maricopa County by plaintiffs to recover possession of certain lands situated in Maricopa County, being the southwest quarter of the northwest quarter, Section 33, Township 1 N, Range 1 E, of the Gila Salt River Base and Meridian, which it is alleged is the land of the plaintiffs and held by defendant in adverse possession.

Plaintiffs allegedly bring a possessory action under Section 27–1501, Arizona Code Annotated 1939, for the possession of the land described therein. The proceeding is an equitable action rather than a possessory action in ejectment. Plaintiffs allege in their

complaint that they are the owners in fee simple and entitled to the immediate possession of the premises in question; that the defendant makes some adverse claim to said land and the prayer of plaintiffs is for the establishment of plaintiffs' estate in said land and that the defendant be adjudged to have no right therein.

The defendant in his answer generally denies that the plaintiffs are the owners or entitled to the immediate possession of the aforesaid premises and affirmatively alleges that the defendant is occupying lawfully the said premises. There is a further allegation that the sole claim of plaintiffs in and to the premises is by virtue of a sheriff's deed issuing out of a judgment rendered in the Superior Court of Maricopa County in favor of the plaintiffs and against the defendant, and the sale of said land under the execution to plaintiffs, which took place on the 26th day of August, 1930, and for which a sheriff's deed was issued to plaintiffs on the 11th day of July, 1931. In this suit, which was No. 31–240 in the Superior Court of Maricopa County, other real property, than the premises here involved owned by the defendant, was sold under the execution and included in the sheriff's deed.

Defendant here sets up the further defense that under the execution sale and the deed acquired thereunder plaintiffs undertook to recover possession of the land in question from the defendant by means of a writ of assistance which was denied in the original suit, No. 31–240, between the same parties, which is part of the record here. In that proceeding plaintiffs filed a petition for a writ of assistance as to all the property covered by the sheriff's deed, which application was filed March 21, 1932, and thereafter denied as to the property involved in this suit but granted as to all other property covered by the sheriff's deed.

While notice of appeal from that order was given, the appeal was not perfected by these plaintiffs.

In this case the defendant also alleges that plaintiffs are barred and estopped from prosecuting this action by reason of Sec. 29–101 Arizona Code Annotated 1939, which is the three year statute of limitation, and Sec. 29–102, Arizona Code Annotated 1939, the five year statute of limitation.

This subsequent action was instituted on the 2d day of July, 1937; approximately five years elapsed before the case was actually tried on the 13th day of March, 1942.

At the conclusion of the trial the case was submitted on two propositions of law: (1) Whether the matter had been adjudicated theretofore by the proceeding in No. 31–240 hereinabove referred to; (2) whether the statute of limitation had run against the plaintiffs. Following which the trial court rendered its judgment in favor of the defendant, presumably on both grounds, from which this appeal was taken.

We will not extend this opinion by recital of assignments of error though in some instances, by indirection only, have plaintiffs pointed out specific errors claimed to have been committed by the trial court.

It will serve no useful purpose to review the evidence because of the fact that it is singularly free from dispute. On March 21, 1932, after receiving the sheriff's deed dated July 11, 1931, plaintiffs filed in said original cause No. 31–240 in the Superior Court their petition for a writ of assistance and after a hearing thereon the writ was issued as to all the other properties sold under execution and covered by the sheriff's deed, which consisted of about 240 acres, but denied same as to the property in controversy. Plaintiffs contend that all right, title and interest in the premises owned by the defendant and

sold under execution vested absolutely in plaintiffs, and that the defendant thereafter held possession without color of right. In other words, the plaintiffs contend that where the land of a judgment debtor is sold under valid execution the title and the color of title belonging to defendant passes to the purchaser; that a writ of assistance, being an equitable remedy, refusal of its issuance does not operate as *res judicata* of all rights under a judgment, even though appeal from the order is not perfected. This contention may be dismissed by the observation that plaintiffs could have presented this matter in one way or another to interrupt the running of the statute. Nothing in this behalf was done.

■ This state knows no difference as to law and equity. Arizona Code 1939, Sec. 21–202. We quote from the case of *Sparks* v. *Douglas & Sparks Realty Company,* 19 Ariz. 123, 129, 166 Pac. 285, 288:

" . . . The final object of equity is to do right and justice. Its principles will be applied in the construction of a statute to the end that it may be liberally construed, so that its objects may be promoted and justice effected. . . . "

As counsel for the defendant say in their brief:

" . . . The plaintiffs should not now be permitted to say that they mislabeled the proceeding or that they asked the Court to do a futile thing, yet take possession of some 240 acres of real estate and that act, and say the Court had no jurisdiction to exclude 40 acres. They should not be permitted to blow first hot and then cold. 30 Am. Jur. 912, Sec. 167, Estoppel, and authorities cited."

■ The rule as to *res judicata* on motions and special proceedings is set forth in 34 C. J. 762, Sec. 1175 and 764, Sec. 1177, respectively, as follows:

"An order or ruling made in a special proceeding, if it is in the nature of an adjudication of some con-

tested claim or right, has the same effect as a bar as a formal judgment. This rule applies to proceedings in bankruptcy or insolvency to proceedings supplementary to execution, . . . ."

"But orders affecting substantial rights, fully litigated, and from which an appeal lies, are conclusive of the matter adjudged, and a bar to further proceedings." (Note 50 and authorities.)

In 30 Am. Jur. 920, Sec. 178, the rule is stated as follows:

"It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein, and that such facts or questions become *res judicata* and may not again be litigated in a subsequent action between the same parties or their privies, regardless of the form the issues may take in the subsequent action, whether the subsequent action involves the same or a different form of proceeding, or whether the second action is upon the same or a different cause of action, subject matter, claim, or demand, as the earlier action. In such cases, it is also immaterial that the two actions are based on different grounds, or tried on different theories, or instituted for different purposes and seek different relief." See authorities cited thereunder.

In *Town of Flagstaff* v. *Walsh*, 9 Cir., 9 Fed. (2d) 590, which was the outgrowth of the case of *Town of Flagstaff, McLean and Walsh* v. *Gomez*, 23 Ariz. 184, 202 Pac. 401, 23 A. L. R. 661, the court lays down the rule, citing numerous authorities in support thereof:

" . . . But it is a fundamental precept of the law of *res judicata* that the questions raised by the issues, actually litigated and determined by the judgment or decree, are settled thereby, and the judgment or decree may be relied upon as an estoppel by any party as against any other party. . . . " Page 591 of 9 Fed. (2d).

We now consider the proposition of law turning upon the plea of the statutes of limitation. There are three sections of the statutes contended for by the respective parties. Defendant relies upon Sec. 29–101, Arizona. Code Annotated 1939, which reads as follows:

"Every action instituted to recover real property as against any person in peaceable and adverse possession.thereof under title or color of title, shall be instituted within three (3) years next after the cause of action has accrued and not afterward. . . . "

Under the foregoing section of the statute there is this further provision:

"By the term 'title' is meant a regular chain of transfer from or under the sovereignty of the soil, . . . ."

The statute was taken from Texas, as stated in the case of *Schofield* v. *Gold*, 25 Ariz. 213, 215 Pac. 169, followed by a rehearing, reported in 26 Ariz. 296, 225 Pac. 71, 37 A. L. R. 275. The plaintiffs quote this decision as authority sustaining their contention that the defendant had neither title nor color of title on the theory that the sheriff's deed hereinabove referred to divested the defendant of all right, title and interest in and to the premises in question, subject only to the right of redemption. *Western Land & Cattle Co.* v. *National Bank of Arizona*, 29 Ariz. 51, 239 Pac. 299.

This decision is not in point here for, as expressed in the case of *Work* v. *United Globe Mines*, 12 Ariz. 339, 100 Pac. 813, adverse possession for the statutory period confers title, which may be asserted either in law or equity and in any form of action.

In the case of *Ford* v. *Clendenin*, 215 N. Y. 10, 109 N. E. 124, 126, Ann. Cas. 1917A, 658, it is held that the claimant of real property in possession has a continuing possession and while he is in possession may

wait until the same is invaded or his title attacked before taking any steps to protect the same. Quoting from this decision:

"The owner of real property who is in possession thereof may wait until his possession is invaded or his title is attacked before taking steps to vindicate his right. A person claiming title to real property, but not in possession thereof, must act affirmatively and within the time provided by the statute. . . . "

■ Defendant also relies upon Sec. 29–102, Arizona Code Annotated 1939, being the five year statute of limitations but it is clear that he could not avail himself of its provisions for the reason that he had not paid the taxes on the land for the full period. *Goldman* v. *Sotelo*, 8 Ariz. 85, 68 Pac. 558; *Work* v. *United States Globe Mines, supra; Gila Land & Cattle Co.* v. *Eads*, 23 Ariz. 282, 203 Pac. 549.

Now we come to consideration of plaintiffs' claim that only the ten year statute of limitations would apply, as the applicable section under the facts in the instant case, being Sec. 29–103, Arizona Code Annotated 1939, which reads as follows:

"Any person having a right of action for recovery of any lands, tenements or hereditaments against another having peaceable and adverse possession thereof, cultivating, using and enjoying the same, shall institute his action therefor within ten (10) years next after his cause of action has accrued, and not afterward. . . . "

It is undisputed that ten years had not elapsed from the time plaintiffs' right of action arose and it is the contention of the plaintiffs that defendant held the land not under "title" or "color of title" but adverse possession only without further claim of right. Citing *Curtis* v. *Southern Pacific Company*, 39 Ariz. 570, 8 Pac. (2d) 1078.

█ The rule in Texas, from which jurisdiction our own statute of limitation was drafted and adopted, is, that if the defendant remains in possession the issuance of a sheriff's deed without possession does not stop the running of the statute. 2 Tex. Jur. 164; *Thomson* v. *Weisman,* 98 Tex. 170, 82 S. W. 503. The general rule is set out in 2 C. J. S., Adverse Possession, p. 659, § 105.

Clearly the possession here was open and notorious and hostile. The question of the effect of legal proceedings on adverse possession in suits to quiet title, and the adversary acquires a judgment, but does not go into possession is discussed in the following cases: *Ebell* v. *City of Baker,* 137 Or. 427, 299 Pac. 313; *Bessler* v. *Powder River G. D. Company,* 90 Or. 663, 176 Pac. 791, 178 Pac. 237.

In the original proceeding, No. 31–240, between the parties, the defendant set up his homestead entry and patent in answer to the petition for writ of assistance, and the trial court refused plaintiffs' possession of said premises. While, as previously announced, the trial court did not set out the grounds for denying the writ of assistance, yet one of the grounds of opposition to the motion for the writ of assistance was that the amount and value of the property sold under execution was so much in excess of the amount bid that possession of this small part of the whole property sold, being a homestead, should not be ordered delivered to the plaintiffs, it may be concluded that the court, in its discretion and in the lawful exercise of control over its writs, determined that the property for which the writ was issued was sufficient to compensate plaintiffs for the amount bid in the sum of $200. *Blasingame* v. *Wallace,* 32 Ariz. 580, 261 Pac. 42; *Citizens' State Bank* v. *McRoberts,* 29 Ariz. 173, 239 Pac. 1028.

 Can it be said that plaintiffs, after having stood idly by or acquiesced in the actual, visible and exclusive possession of these premises for more than the three year period should now be permitted to litigate their rights anew?

We are of the opinion that this court should not sanction plaintiffs' lack of diligence in pursuing their remedy.

No error appearing, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concurring.

NOTE: STANFORD, J., being absent from the state, the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in his stead.