549 P.2d 242

**James E. HENDERSON, Appellant,**

v.

**Juan L. TEJADA, Amalia Mendez, Eleno Tejada, Marguerita Tejada Acevado, Timoteo Tejada, Eduardo Tejada, Arturo Tejada, Jose Tejada, Alicia Tejada Jabbouri, Telefore Tejada, Viola Tejada Buncich, Appellees.**

**No. I CA–CIV 2829.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 6, 1976.
Rehearing Denied June 15, 1976.
Review Denied July 13, 1976.

James L. Corbet, Wickenburg, for appellant.

Mariscal, Weeks, Lehman & McIntyre, P. A. by Richard A. Friedlander, Phoenix, for appellees.

## OPINION

WREN, Judge.

The appellant, James E. Henderson, brings this appeal from a judgment entered in favor of appellees on cross-motions for summary judgment. The judgment quieted title to certain real property in appellees and decreed that appellant had no interest in the property under a Sheriff's Deed. Appellee, Juan L. Tejada (Tejada) was found to have acquired title to the property by adverse possession pursuant to A.R.S. § 12–523 and § 12–524.

The facts in the case are not in dispute. Juan and Josefa Tejada, as husband and wife, acquired title to the subject property, which was their residence, in 1946. Josefa died intestate in 1964 survived by her husband, and their children. In 1966, Seabord Finance Company recovered a judgment against Tejada individually, and pursuant thereto was issued a Sheriff's Certificate of Sale on Foreclosure on Tejada's interest in the property. Seabord subsequently assigned its rights in the property to appellant. No redemption was made and a Sheriff's Deed conveying the property was delivered to appellant on September 8, 1966. This deed conveyed title to a one-half interest in the property only, as this was the extent of Tejada's interest in the property at the time the judgment was entered against him in favor of Seabord.

Tejada remained in possession of the property continuously from the time of purchase in 1946, and at all times subsequent to the Sheriff's Deed. Appellant had never been in possession of the property. However, appellant did file a Forcible Entry and Unlawful Detainer action against Tejada in 1967 and a partition action in 1968 both of which were dismissed. Clearly, after September 8, 1966, Tejada occupied the land in an open, notorious and hostile manner adverse to any claim of appellant.

In 1973, appellees filed suit to quiet title to the real property, claiming ownership in

fee simple. Appellant counterclaimed, asserting that he owned an undivided one-half interest by virtue of his Sheriff's Deed, and seeking partition of the property. Appellees asserted that the title acquired by appellant by his Sheriff's Deed was lost by reason of adverse possession and that title to the property became vested in Juan Tejada.

■ The claim of title by adverse possession is predicated on two independent statutes of limitation, A.R.S. § 12–523 and § 12–524. The trial court found that both were applicable to the facts of this case, and therefore adjudged that Tejada had aquired title by adverse possession. On appeal, appellant asserts that neither statute applies and therefore adverse possession has not been proven.

A.R.S. § 12–523 provides:

"Real property in adverse possession under title or color of title; three year limitation

"A. An action to recover real property from a person in peaceable and adverse possession under title or color of title shall be commenced within three years after the cause of action accrues, and not afterward.

"B. 'Title' means a regular chain of transfer from or under sovereignty of the soil. 'Color of title' means a consecutive chain of such transfer down to the person in possession without being regular, as if one or more of the memorials or muniments is not recorded or not duly recorded or is only in writing, or such like defect as does not extend to or include the want to intrinsic fairness and honesty, or when the party in possession holds the real property by a land warrant or land scrip, with a chain of transfer down to him in possession."

Clearly, Tejada had fulfilled the requirements of peaceable and adverse possession as those terms are defined in A.R.S. § 12–521:

"1. 'Adverse possession' means an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

"2. 'Peaceable possession' means possession which is continuous, and not interrupted by an adverse action to recover the estate."

Although two lawsuits to recover possession were filed by appellant within three years after receiving the Sheriff's Deed, neither resulted in judgment but were dismissed. The last of the dismissals was in May, 1969. The question as to whether the filing of an adverse action not resulting in a judgment would interrupt "peaceable possession" as required by § 12–523 is therefore not before us, since a three year period had run since the dismissal of the last action and prior to the filing of this suit.

■ Therefore, the only question as to the application of A.R.S. § 12–523 is whether Tejada, after issuance of the Sheriff's Deed, held possession under "title or color of title." A.R.S. § 12–523(B) seems to preclude such a finding since the 1946 deed conveying the property to Juan and Josefa Tejada had been superseded by the recorded Sheriff's Deed conveying the property to appellant. Clearly, a possessor of real property is precluded from setting up adverse possession under A.R.S. § 12–523 as against his own deed of the property of another. *Goldman v. Sotelo*, 8 Ariz. 85, 68 P. 558 (1902). If Tejada had deeded the property to appellant, he could not assert his 1946 deed as title or color of title to fall under A.R.S. § 12–523. It could therefore logically be argued that the same result occurs where Tejada's interest passes by operation of law.

However, appellees argue and the court below found that the case of *Manor v. Stevens*, 61 Ariz. 511, 152 P.2d 133 (1944) controls the result of this case and mandates a finding that the three year statute ran against appellant.

In *Manor* the plaintiffs had obtained a Sheriff's Deed to real property after execution on a judgment entered against the

defendant. Plaintiffs then petitioned for a writ of assistance in the original action which was granted as to 240 acres of defendant's realty, but denied as to the 40 acre homestead at issue in the subsequent action. Six years after issuance of the Sheriff's Deed, plaintiffs sued to gain possession of the 40 acres which defendant had occupied continuously since issuance of the Sheriff's Deed. The Supreme Court held that the denial of the writ of assistance was res judicata as to the issues raised in that former proceeding and that the three year statute of limitations had run against plaintiffs and awarded defendant title by adverse possession.

Any application of A.R.S. § 12–523 or its predecessors [1] necessitates a finding that the adverse claimant possessed the real property under title or color of title. Therefore, while not expressly stated in *Manor*, the plaintiff there must have had title or color of title. Appellees conclude that the meaning that must be derived from the *Manor* holding is that peaceable and adverse possession against the holder of a Sheriff's Deed for three years is sufficient to meet the "title or color of title" requirement. Appellees interpretation of *Manor* would necessarily mean that issuance of a Sheriff's Deed without change of possession does not divest a former record owner of color of title for purposes of the running of the three year statute of limitations for adverse possession.

Although the rationale of *Manor* is exceedingly difficult to follow and the holding, in our opinion, uncertain, we have reached a conclusion different from that of appellees as to the meaning of the case. Much of the *Manor* opinion is devoted to a discussion of the res judicata effect of the denial of the writ of assistance sought by the plaintiffs after obtaining the Sheriff's Deed. The extensive discussion on the fi-

nality of that denial would be irrelevant under appellees' interpretation of the case. We have therefore concluded that, although not specifically stated in the opinion, by holding that the denial to plaintiffs of possession to the property was a final adjudication of rights, the court must have meant that this judicial denial gave the defendant color of title. It just does not accord with common sense that a duly recorded Sheriff's Deed entered against the possession of land does not interrupt his title or color of title. Such a deed in and of itself operates to transfer title. A.R.S. § 33–455.

Although certain dicta in the case might lend support for appellees' position here, we believe that it can be explained upon other grounds. In discussing the interpretation of the Texas statute from which the Arizona statute was taken *Manor* noted:

"if the defendant remains in possession the issuance of a sheriff's deed without possession does not stop the running of the statute (of limitations)." 61 Ariz. at 519, 152 P.2d at 136.

This language, we believe, refers not to color of title but to the adverse nature of the possession, and is stating that even though an owner may lose title by a Sheriff's Deed, if he remains in possession his possession will be considered adverse to that of the holder of the Sheriff's Deed for purposes of establishing the adverse element of the possession.

Our necessary conclusion then is that mere continued possession after issuance of a Sheriff's Deed does not amount to vesting color of title in the former owner for purposes of proving title by adverse possession under the three year statute. We therefore hold that Tejada cannot claim title by virtue of A.R.S. § 12–523.

The trial court also found that Tejada had established adverse possession un-

---

1. Sec. 29–101 Arizona Code Annotated 1939, the three year statute in effect when *Manor v. Stevens* was decided contained the same terminology and requirements as our present statute.

der A.R.S. § 12–524. That statute provides:

"An action to recover a lot located in a city or town from a person having a recorded deed therefor, who claims ownership and has paid the taxes thereon, shall be brought within five years after the cause of action accrues, and not afterward, provided that the person against whom the action is brought, by himself or his grantors, has claimed ownership thereof and has paid the taxes thereon for at least five consecutive years next preceding the commencement of such action."

We believe that Tejada has failed to come under the requirements of this statute also. In arriving at this conclusion we do not reach the issue raised by appellants that the payment of taxes for five consecutive years was not complied with, because we have concluded that Tejada did not have the requisite *recorded deed* to the property.

Appellees maintain that Tejada's duly recorded deed received in 1946 is sufficient as the statute does not define the meaning of recorded deed and therefore *any* recorded deed will suffice. In this Court's opinion, prior case law requires that the recorded deed referred to in the statute means a recorded deed that has not been superseded by a subsequent recorded deed.

The deed requirement of A.R.S. § 12–524 was discussed in the case of *Nicholas v. Giles*, 102 Ariz. 130, 426 P.2d 398 (1967) which cited with approval an old Arizona case which defined the meaning of recorded deed:

"When the statute speaks of a recorded deed as one of the elements of title by adverse possession, it specifies the kind or quality of that color of title which is necessary to support it. It means a deed not void upon its face, which, tested by itself, has all the constituent parts knitted into that kind of an instrument, not that it is a conveyance, but that it purports to operate as a conveyance." *Sparks v. Douglas and Sparks Realty Co.,* 19 Ariz. 123, 127, 166 P. 285, 287 (1917).

See also, *Work v. United Globe Mines,* 12 Ariz. 339, 100 P. 813 (1909); *Goldman v. Sotelo,* supra. The recorded deed requirement is, therefore, in the nature of a color of title requirement. From our discussion of the requirements of color of title, supra, we noted that a grantor cannot assert his deed as color of title against his grantee and that it would logically follow that a former owner's deed could not constitute color of title against a subsequent Sheriff's Deed. The difference between the "color of title" requirement under the three year statute and the "recorded deed" requirement under the five year statute is that the former requires a chain of title back to the sovereign of the soil, although the chain may be defective, while the latter merely requires a recorded deed to the property, not superseded. Tejada's 1946 deed will, therefore, not suffice to fulfill the recorded deed requirement of § 12–524 because it is not the last recorded deed, but a deed superseded by appellant's Sheriff's Deed.

Neither A.R.S. § 12–523 nor § 12–524 is available to appellees to establish title to the property and the judgment quieting title in appellees was erroneous and must be reversed.

The cause is therefore reversed and remanded for further proceedings not inconsistent with this opinion.

JACOBSON, P. J., and SCHROEDER, J., concur.