551 P.2d 63

**Edward BABO and Norma Babo, his wife, Appellants,**

v.

**BOOKBINDER FINANCIAL CORPORA-TION, an Arizona Corporation, Appellee.**

**No. I CA–CIV 2992.**

Court of Appeals of Arizona, Division 1.

June 22, 1976.

Richmond, Ajamie, Fay & Warner by Richard E. Fay, Phoenix, for appellants.

Jennings, Strouss & Salmon by Timothy W. Barton and M. Byron Lewis, Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

This an appeal from a summary judgment. The parties filed an agreed statement of facts which show as follows. The land in question is a strip 8′ by 275′ just west of appellants' property. It was not a part of any of the original lots. Appellants purchased their lot, which did not include the contested strip, on September 19, 1966. They mowed weeds on the land in question and paved part of it. Two years later they built a wall enclosing the land.

Automotive Distributing Co. (Automotive) owned the land on the other side of the strip. It claimed the strip by adverse possession. On May 4, 1967, the

**74**

superior court quieted title to the strip to Automotive. Automotive served the Lamsons, the record owners, by publication, but did not serve appellants, who had been in possession of the strip for approximately eight months. The Stephens then took title upon the dissolution of Automotive, and in 1973, executed a quit claim deed to appellee.

Appellants brought this declaratory judgment action to determine their rights in the strip. The lower court granted summary judgment for appellee.

■ Although appellants do not claim ownership, they contend that since they were in possession at the time the quiet title action was brought, they were indispensable parties to that action. Appellants assume that Automotive did not acquire legal title until the judgment was entered quieting their title. That assumption is erroneous. Title vests at the end of the adverse possession period. *Manor v. Stevens*, 61 Ariz. 511, 152 P.2d 133 (1944); 2 C.J.S. Adverse Possession § 249 (1972); 3 Am. Jur.2d Adverse Possession, § 239 (1962). Court action is not necessary to perfect title, but it is not a marketable title of record until there has been a judicial determination of such title. *Escher v. Bender*, 338 Mich. 1, 61 N.W.2d 143 (1953). Appellants do not allege that the 10 year period had not run at the time they took possession.

Appellants were trespassers on the strip owned by Automotive. A trespasser on the premises for only eight months, who does not claim title is not an indispensable party to a quiet title action. The Arizona Supreme Court in *Town of Gila Bend v. Walled Lake Door Co.*, 107 Ariz. 545, 490 P.2d 551 at page 555 (1971), stated;

"An indispensable party, under Rule 19, Rules of Civil Procedure, 16 A.R.S., is one who has such an interest in the subject matter that a final decree cannot be made without either affecting his interest or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. The test of indispensa-

bility in Arizona is whether the absent person's interest in the controversy is such that no final judgment or decree could be entered, doing justice between the parties actually before the court and without injuriously affecting the rights of others not brought into the action. *Bolin v. Superior Court*, 85 Ariz. 131, 333 P.2d 295 (1958); *Siler v. Superior Court*, 83 Ariz. 49, 316 P.2d 296 (1957)."

■ In the case at bench, appellants' absence posed no impediment to final adjudication of the quiet title action. Appellants had been in possession only eight months. They made no claim of privity so as to allow tacking under A.R.S. § 12–521(B) and presented no facts tending to show any conveyance or transfer from Automotive. See *Santos v. Simon*, 60 Ariz. 426, 138 P.2d 896 (1943). As appellants were not indispensable parties to the quiet title action, they cannot attack that judgment.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).