831 P.2d 1294

**PIMA COUNTY, a body politic, Third–Party Plaintiff/Appellant/Cross–Appellee,**

v.

**SABINO INVESTING, INC., a Delaware corporation, dba Sabino Resources, Inc., Third–Party Defendant/Appellee,**

and

**Title USA Company of Tucson, an Arizona corporation, as trustee under trust No. 806; Gary L. Triano and Pamela Triano, husband and wife; and Mary E. Triano, in her sole and separate right, Third–Party Defendants/Appellees/Cross–Appellants.**

No. 2 CA–CV 91–0240.

Court of Appeals of Arizona, Division 2, Department A.

May 14, 1992.

Stephen D. Neely, Pima County Atty. by Frank Cassidy, Tucson, for third-party plaintiff/appellant/cross-appellee.

Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C. by Jane L. Eikleberry, Tucson, for third-party defendant/appellee Sabino Investing.

Law Offices of W.J. Harrison & Associates, P.C. by Barry Bursey and Robin E. Mellor, Tucson, for third-party defendants/appellees/cross-appellants Title USA and Trianos.

## OPINION

LA'CAGNINA, Presiding Judge.

Pima County appeals from summary judgments granted in favor of third-party defendants on the county's claim for indemnification. The county argues that a subdivider who dedicates a road to a county by subdivision plat must indemnify the county for any damages and costs required to be paid by the county arising out of ownership claims made by third parties against the county concerning the road. Because we find the indemnification was sought for a breach of warranty of title with no basis for such a claim, we affirm.

R. Porter Smith and Joanne Snow–Smith, husband and wife, filed a quiet title action against Pima County, claiming adverse possession over certain property owned by Pima County and located on the south 30 feet of Boggie Drive. The property had been dedicated to the county upon recording of the El Paseo Subdivision plat. The county filed a third-party complaint against Sabino Investing, Inc. (Sabino) and Title USA Company, the trustee, and the beneficiaries of the real estate trust (subdividers), requesting indemnification in an amount equal to any damages required to be paid to Smiths. The county claims Sabino and the subdividers warranted in the dedication block on the plat that they were the only parties with an interest in the property. The dedication warranted that they were "the only parties having any record of title interest in the land shown on this plat." The county claimed it acted in reliance on Sabino and the subdividers' representations in approving the subdivision plat. The county also claimed that because the subdividers were obligated to construct Boggie Drive, they were therefore obligated to indemnify the county against Smiths' claims. The county based its argument on the theory that clear title to Boggie Drive is a "necessary component" of the subdividers' obligation to build Boggie Drive.

To support its claim of reliance, the county argues the subdividers gave financial assurances guaranteeing performance under an Agreement of Subdivision Improvements and a letter of credit. Upon failure of Sabino and the subdividers to construct Boggie Drive as depicted on the El Paseo plat, the county then cashed the letter of credit in order to acquire a triangular-shaped property adjacent to the southwest corner of the plat for right-of-way and to construct Boggie Drive. The county claims the proceeds of the letter of credit will be insufficient to pay for the condemnation of the right-of-way for Boggie Drive if Smiths prove ownership in the quiet title action. By minute entry order, the trial court

granted Sabino and the subdividers' motions for summary judgment, stating:

> Pima County's Third–Party Complaint is for indemnification for breach of warranty of title. The Third–Party Complaint does not state a claim for breach of an assurance claim for failure to construct improvements and those issues are not material or relevant on the Third–Party Defendants' Motions for Summary Judgment.

The county appeals from the trial court's order granting Sabino and the subdividers' motions for summary judgment. The subdividers cross-appeal from the trial court's denial of an award for nontaxable costs as part of the attorneys' fees award. We affirm.

■ The warranty given does not include unrecorded instruments and claims of title, including a claim of adverse possession, which need not be recorded in order to be valid. *Tenney v. Luplow*, 103 Ariz. 363, 442 P.2d 107 (1968). Record title is conveyed only upon resolution of the quiet title action. *Babo v. Bookbinder Financial Corp.*, 27 Ariz.App. 73, 551 P.2d 63 (1976). Therefore, there is no basis for a breach of warranty claim.

■ In addition, we agree with the trial court that the county's argument, made for the first time in its cross-motion for summary judgment, that it was entitled to relief based upon the assurance agreement and A.R.S. § 11–806.01 was irrelevant to Sabino and the subdividers' motions for summary judgment. In their motions, the only issue was whether an adverse possession claim constituted a breach of warranty that Sabino and the subdividers were the only parties having any title interest of record in the property.

■ Assuming the issue had been properly raised in the complaint, we disagree that a necessary component of Sabino and the subdividers' obligation to construct improvements includes clear title to the property. The county had the power under the statutes to require more than a letter of credit in the way of assurances and also the power to require a broader general warranty certifying title to the property, neither of which it chose to do in this case. Even if we agreed that the subdividers had an obligation to construct the road under the statutes, clear title to the property is not part of that obligation unless so required by the county by way of further assurances guaranteeing performance.

The subdividers have cross-appealed from the trial court's denial of their request for recovery of nontaxable costs as part of an award of attorneys' fees, citing the opinion of Division One of this court in *Gila Ridge Development v. G.L. Thomas Construction*, 86 Ariz.Adv.Rep. 33 (App. 1991). In denying the award for costs, the trial court stated as follows:

> The Court declines to allow those expenses of litigation claimed by third-party defendants pursuant to the authority of *Gila Ridge Development v. G.L. Thomas Construction*, 86 Ariz.Adv.Rpt. 33 (Ct.App.1991), which the Court declines to follow until such time as Division Two of the Court of Appeals or the Arizona Supreme Court adopts this rule.

Since that time, the supreme court denied review in *Gila Ridge* and ordered it depublished. Therefore, it cannot be cited as authority for treating nontaxable costs as attorneys' fees. Subdividers have cited no other authority, nor have we found any, in support of such an award.

Upon filing the proper affidavits pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S., Sabino Investing, Inc., Title USA Company of Tucson, Gary L. and Pamela Triano, and Mary E. Triano are awarded attorneys' fees on appeal.

Affirmed.

LIVERMORE, C.J., and HOWARD, J., concur.